**UNITED STATES of America,**
**Plaintiff/Appellee,**

v.

**E. Gordon DICKIE, M.D.,**
**Defendant/Appellant.**

**No. 84–1100.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 27, 1984.[*]

Decided Jan. 30, 1985.

---

3. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y,* 421 U.S. 240, 260–62, 95 S.Ct. 1612, 1623–24, 44 L.Ed.2d 141 (1974).

\* This panel unanimously agrees that this case is appropriate for submission without oral argument.

Elliot Enoki, Honolulu, Hawaii, for plaintiff, appellee.

Brian J. O'Neill, Santa Monica, Cal., for defendant, appellant.

Before SCHROEDER, FERGUSON and NELSON, Circuit Judges.

PER CURIAM:

The defendant appeals from an order of the district court pursuant to Rule 36 of the Federal Rules of Criminal Procedure correcting the literal terms of the district court's prior Judgment and Commitment Order. The defendant, Dr. Gordon Dickie, contends that the district court erred in granting the government's motion to correct the language contained in the defendant's Judgment and Commitment Order to reflect that the fines imposed on the defendant's Medicaid fraud, 42 U.S.C. § 1396h, and mail fraud, 18 U.S.C. § 1341, convictions are cumulative. We affirm.

FACTUAL BACKGROUND

The defendant was convicted on numerous counts involving the unlawful prescription and distribution of controlled substances, Medicaid fraud, and mail fraud. The defendant's convictions were affirmed by this court on March 7, 1983. Subsequently the government moved the district court to correct the language contained on the defendant's Judgment and Commitment Order to conform to the aggregate amount of fines originally intended by the sentencing court.

The district court originally imposed fines on the defendant's seven Medicaid

fraud counts and his six mail fraud convictions. At the sentencing hearing the district court stated:

> As to Counts 49 to 55 [alleging Medicaid fraud], on each of those counts, you be fined the sum of $5,000;
>
> And in Counts 56 to 61 [mail fraud], on each of those counts, you be fined the sum of $1,000; the fines payable in 30 days.

As the transcript and subsequent filings reveal, the attorneys for both sides proceeded under the assumption that the aggregate amount of fines imposed totaled $41,000, that is, $5,000 on each of the defendant's seven Medicaid convictions, and $1,000 on each of the defendant's six mail fraud counts. In denying the defendant's Rule 36 motion, the district court also observed that it was its intention to impose an aggregate of $41,000 in fines at the time of the defendant's sentencing. Nonetheless, the Judgment and Commitment Order entered after the sentencing states that the sentences on Counts 49 through 55 are "to run concurrently with each other" but the sentences on counts 56 through 61 are to "run concurrently with each other and consecutively to sentences imposed on Counts 49 through 55."

The defendant's interpretation of the Judgment and Commitment Order is that it imposes an aggregate sum of $6,000 in fines, that is, $5,000 on the Medicaid fraud counts "consecutive to" the $1,000 imposed on the mail fraud counts. The defendant contends that the Judgment and Commitment Order, so construed, contains no clerical error sufficient to invoke Rule 36 of the Federal Rules of Criminal Procedure. We disagree.

## STANDARD OF REVIEW

This circuit has yet to articulate the appropriate standard of review governing the grant or denial of a Rule 36 motion for correction of a clerical error in a sentence. In *United States v. Niemiec*, 689 F.2d 688, 692 (7th Cir.1982), the Seventh Circuit adopted the same abuse of discretion standard for Rule 36 motions as is applicable to Rule 35(b) motions for a reduction in sentence. Motions for reduction of a sentence under Rule 35(b) of the Federal Rules of Criminal Procedure, however, are quite different from Rule 36 motions to correct a clerical error in the final order containing the pronouncement of sentence.

Rule 35(b) motions are properly directed to the timely exercise of the sentencing court's discretion to modify a sentence in the defendant's favor once imposed. On the other hand, this court has held that Rule 36 applies only to clerical, not judicial, errors. *United States v. Kaye*, 739 F.2d 488, 491 (9th Cir.1984). Accordingly, if the district court has no discretionary authority under Rule 36 to correct its own errors in imposing an otherwise valid sentence,[1] then the proper inquiry for the district court is whether a clerical error has in fact occurred.

■ Because the sentencing court is in a unique position to know the actual terms of the sentence it intended to impose, some measure of deference should be accorded a sentencing court's personal observations on this matter. Nevertheless, Rule 36 envisions that the district court will make a factual finding on whether the clerk of the court committed error in describing the oral sentence imposed by the court. In keeping with the "functional analysis" prescribed in *United States v. McConney*, 728 F.2d 1195, 1204 (9th Cir.1984) (en banc), *cert. denied*, —— U.S. ——, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984) for determining the appropriate standard of review, we conclude that the clearly erroneous standard is appropriate in reviewing the grant or denial of a Rule 36 motion.

## ANALYSIS

■ A review of the sentencing transcript reinforces the conclusion that the district court intended to impose fines "on each of [the defendant's Medicaid fraud and mail fraud] counts." Although the

---

**1.** Of course, inadvertent judicial mistakes in imposing sentence may be subject to correction under Rule 35(a) of the Federal Rules of Criminal Procedure. *United States v. Stevens*, 548 F.2d 1360, 1362 (9th Cir.), *cert. denied*, 430 U.S. 975, 97 S.Ct. 1666, 52 L.Ed.2d 369 (1977).

court might have employed more precise language at the sentencing hearing, we can hardly fault the district court for failing to perceive a potential ambiguity in the oral pronouncement when all counsel interpreted the fines in the same manner as intended by the court.

The fact that both the court and counsel construed the oral pronouncement as imposing a separate fine on each count in all proceedings prior to the filing of the present Rule 36 motion is highly probative on the question of the source of the error. Moreover, there has been no contention by the defendant that the district court was improperly using Rule 36 to reconsider the terms of the previously imposed sentence. *See United States v. Jones,* 608 F.2d 386, 389 (9th Cir.1979) (Rule 36 does not permit "reassessment of the merits of an earlier decision").

In conclusion, we cannot say that the district court's finding of a clerical error in the Order of Judgment and Commitment was clearly erroneous. Accordingly, we AFFIRM.