UNITED STATES of America,
Plaintiff–Appellee,

v.

Todd PENNA, Defendant–Appellant.

No. 01–50484.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 5, 2002.

Filed Feb. 10, 2003.

Judith Rochlin, Law Offices of Judith Rochlin, Los Angeles, CA, for Defendant–Appellant, Todd Penna.

Mark A. Young, Assistant United States Attorney, Los Angeles, CA, for Plaintiff–Appellee, United States of America.

Before REINHARDT, O'SCANNLAIN and PAEZ, Circuit Judges.

## OPINION

PAEZ, Circuit Judge.

### INTRODUCTION

We must decide whether the seven-day limitation in Federal Rule of Criminal Procedure 35(c) for correcting a sentence is a strict jurisdictional requirement or whether a district court may modify a sentence more than seven days after its oral pronouncement. We hold that the seven-day requirement in Rule 35(c) is a jurisdictional requirement. Here, because the district court vacated Penna's sentence within seven days, but did not resentence him within the same seven day period, it lacked jurisdiction under Rule 35(c)[1] to resentence Penna. Under these circumstances, we reverse the district court's modified sentence on Count I and remand with directions to reinstate his original sentence.

### BACKGROUND

On April 3, 2000, Todd Penna pled guilty to conspiracy to possess with intent to distribute and manufacture marijuana in violation of 21 U.S.C. § 846, possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1), and manufacturing marijuana in violation of 21 U.S.C. § 841(a)(1). These charges stemmed from Penna's participation in a conspiracy to construct marijuana grow sites at private homes located in Temecula and Murrietta, California, to harvest marijuana plants at these grow sites, and to distribute and sell the marijuana produced.

At his plea hearing, Penna admitted that he was involved in growing marijuana with an intent to distribute it, but he chose to remain silent regarding the number of marijuana plants involved in the crimes. The district court agreed to address the number of plants at the time of sentencing.

The district court convened a sentencing evidentiary hearing on September 25, 2000. Between the time of Penna's plea hearing and this evidentiary hearing, the Supreme Court issued its opinion in *Apprendi v. New Jersey,* in which the Court held that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The number of marijuana plants involved in Penna's crimes, the determination of which Penna chose to reserve for sentencing, potentially increased the penalty for his crime beyond the mandatory minimum sentence. Specifically, if Penna's crimes involved fewer than 1,000 marijuana plants, then the court was required to impose a mandatory minimum five-year sentence, but if his crimes involved 1,000 or more plants, then the court was required to impose a mandatory

---

1. Rule 35 was amended April 29, 2002 (effective December 1, 2002). Subdivision (c), which is discussed throughout this opinion, has become subdivision (a), but the text is essentially the same.

minimum ten-year sentence. *See* 21 U.S.C. § 841(b). The district court, concerned that a jury had not determined the number of plants involved in the conspiracy beyond a reasonable doubt, requested that the parties brief the *Apprendi* issue before the court imposed the final sentence.

On October 16, 2000, the court reconvened for sentencing. At this hearing, the court gave Penna the option of presenting the number of marijuana plants to a jury, or of accepting a five-year sentence. Penna accepted a five-year sentence, but the government indicated its preference for a jury trial limited to a determination of the number of plants involved in the crimes. The court gave the government ten days to decide whether to pursue a jury trial, and proceeded to sentence Penna to sixty months (five years) in prison on each of the three counts, to be served concurrently. The court entered its judgment and probation/commitment order the same day.

Seven days later, on October 23, 2000, the district court reconvened for a status conference. The government again expressed its intent to pursue a jury trial regarding the number of marijuana plants. The court then vacated Penna's sentence under Rule 35(c) for the conspiracy count,[2] concluding that it was "clearly erroneous" to sentence Penna on the conspiracy count until the jury determined the number of plants involved in the crime.

Nine months later, on July 9, 2001, after a jury concluded that the conspiracy involved 1,000 or more marijuana plants, the district court changed Penna's sentence to ten years concurrent on each count and five years of supervised release. Penna timely appealed, arguing that the district court lacked jurisdiction under Rule 35(c) to make this change to his sentence.

## STANDARD OF REVIEW

We review *de novo* whether the district court had jurisdiction under Federal Rule of Criminal Procedure 35(c) to resentence Penna to a ten-year prison term. *See United States v. Barragan–Mendoza*, 174 F.3d 1024, 1027 (9th Cir. 1999).

## DISCUSSION

### I.

Penna contends on appeal that the district court lacked jurisdiction to correct his sentence because, although the court vacated his five-year sentence for the conspiracy charge within seven days of orally pronouncing it, the court did not resentence him to a ten-year prison term until nine months after it had initially imposed a sentence. Penna argues that we therefore should vacate his ten-year sentence and reinstate his initial five-year sentence. We agree.

A court generally may not correct or modify a prison sentence once it has been imposed. 18 U.S.C. § 3582(c). A court may modify a prison sentence, however, "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c)(1)(B); *see also Barragan–Mendoza*, 174 F.3d at 1028 (noting that district courts do not have " 'inherent authority' " to reconsider sentencing orders).

Federal Rule of Criminal Procedure 35(c) states: "The court, acting *within 7 days* after the imposition of sentence,

---

**2.** Penna admitted that the other two counts involved fewer than 1,000 marijuana plants,

which the government did not contest.

may correct a sentence that was imposed as a result of arithmetical, technical, or other clear error." Fed.R.Crim.P. 35(c) (emphasis added). The district court must correct a sentence within seven days after orally pronouncing it *or else it loses its jurisdiction to modify the sentence. See United States v. Aguirre,* 214 F.3d 1122, 1123 (9th Cir.2000) (holding that Rule 35(c) applies from the time of *oral* imposition of the sentence); *Barragan–Mendoza,* 174 F.3d at 1030 (holding that because the district court did not act on the government's motion to reconsider sentence within seven days after imposing the sentence, the district court lacked jurisdiction to correct the sentence and the initial sentence should stand); *United States v. Wisch,* 275 F.3d 620, 626 (7th Cir.2001) (reasoning that the seven-day time limit in Rule 35(c) is jurisdictional); *United States v. Morrison,* 204 F.3d 1091, 1093 (11th Cir.2000) ("Just as the time period specified in Rule 35(b) is jurisdictional, so also is the time period specified in Rule 35(c).").[3]

■ The district court's jurisdiction to correct a sentence depends upon vacating the sentence and resentencing within the

seven days following oral pronouncement of the sentence. *See United States v. Colace,* 126 F.3d 1229, 1231 (9th Cir.1997) (noting that sentence correction properly occurred within the seven days allowed by Rule 35(c)); *United States v. Navarro–Espinosa,* 30 F.3d 1169, 1170 (9th Cir. 1994) (noting that a sentencing correction made more than seven days after oral pronouncement of the sentence would be untimely). Here, the district court properly vacated, within seven days, Penna's five-year sentence for the conspiracy charge in light of its decision to proceed with a jury trial regarding the number of marijuana plants involved in the conspiracy. It erred, however, by failing to resentence Penna within the same seven-day period. As a result, the district court must reinstate Penna's initial five year sentence because it never properly vacated and corrected this sentence under Rule 35(c).

## II.

■ Alternatively, the government contends that the district court had discretion under Federal Rule of Criminal Procedure 36[4] to correct Penna's sentence because

---

**3.** The Advisory Committee notes to Rule 35(c) make clear that a district court's authority to correct a sentence under this rule is narrowly construed:

> The subdivision is not intended to afford the court the opportunity to reconsider the application or interpretation of the sentencing guidelines or for the court simply to change its mind about the appropriateness of the sentence. *Nor should it be used to reopen issues previously resolved at the sentencing hearing* through the exercise of the court's discretion with regard to the application of the sentencing guidelines. Furthermore, the Committee did not intend that the rule relax any requirement that the parties state all objections to a sentence at or before the sentencing hearing.

Fed.R.Crim.P. 35 Advisory Committee's Notes (1991 amendment) (emphasis added); *see also Barragan–Mendoza,* 174 F.3d at 1028

("Viewed as a whole, Rule 35(c) clearly is intended to allow a district court to modify a sentence only in very limited instances and *not* merely to 'reconsider' sentencing issues." (emphasis in original)). Indeed, the Advisory Committee's notes for the recent 2002 amendments to Rule 35 state: "In the current version of Rule 35(c), the sentencing court is authorized to correct errors in the sentence if the correction is made within seven days of the imposition of the sentence." *Id.* The purpose of this seven-day limitation is "so that the appellate process (if a timely appeal is taken) may proceed without delay and without jurisdictional confusion." *Id.*

**4.** Rule 36 states: "Clerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders."

the court's entry of judgment as to the conspiracy count on October 16, 2000, was akin to a clerical mistake in light of the court's intention to conduct a jury trial regarding the number of marijuana plants involved in Penna's crimes. We disagree.

 Rule 36 is a vehicle for correcting *clerical* mistakes but it may not be used to correct judicial errors in sentencing. *See United States v. Hovsepian,* 307 F.3d 922, 927 (9th Cir.2002) ("Rule 35 is generally the only vehicle available for resentencing, unless the case is on remand from the Court of Appeals."); *United States v. Dickie,* 752 F.2d 1398, 1400 (9th Cir.1985) ("[T]he district court has no discretionary authority under Rule 36 to correct its own errors in imposing an otherwise valid sentence...."); *United States v. Kaye,* 739 F.2d 488, 490 (9th Cir.1984) ("[T]he provisions of Rule 36 do not permit a substantive change in the period of incarceration which the defendant must serve."); *United States v. Daddino,* 5 F.3d 262, 264–65 (7th Cir.1993) (noting that Rule 36 "does not apply to errors made by the court itself" (citing to, among other cases, *Kaye,* 739 F.2d at 491)). Here, the district court imposed a five-year sentence for the conspiracy count on October 16, 2000. The court then substantively changed Penna's sentence from a five-year to a ten-year term on the basis of a jury finding that his crimes involved more than 1,000 marijuana plants. The initial five-year sentence did not result from a clerical error. The district court therefore lacked authority under Rule 36 to impose a new ten-year sentence.

### CONCLUSION

For the foregoing reasons, we reverse the district court's imposition of a ten-year sentence on Count I and remand to the district court to reinstate Penna's five-year sentence to be served concurrently with his other five-year terms.

REVERSED and REMANDED.