**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Maurice A. JEFFERSON, Defendant—
Appellant.**

No. 03–10578.
D.C. No. CR–99–00543–WHA.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 9, 2004.*

Decided Aug. 16, 2004.

Haywood S. Gilliam, Jr., Office of the U.S. Attorney, San Francisco, CA, for Plaintiff–Appellee.

Maurice A. Jefferson, Adelanto, CA, pro se.

Before SCHROEDER, Chief Judge, RAWLINSON and CALLAHAN, Circuit Judges.

MEMORANDUM**

Maurice A. Jefferson appeals the district court's denial of his "request for ex parte application as to custody credit requesting amended judgment." The district court denied the motion for lack of jurisdiction. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court correctly concluded that it lacked jurisdiction to amend the judgment under Fed.R.Crim.P. 35(a). Rule 35(a) allows a district court to correct arithmetical, technical or other clear errors within seven days after sentencing. Fed.R.Crim.P. 35(a). After that time, the district court loses jurisdiction to correct the sentence. *See United States v. Penna,* 319 F.3d 509, 512 (9th Cir.2003). Jefferson brought his motion approximately two and one half years after sentencing, which was long past the time for seeking relief under Rule 35(a).

Jefferson asserts that under U.S.S.G. § 5G1.3(c), the district court had authority to rule on his request. We disagree. Section 5G1.3(c) governs imposition of sentence where a defendant is subject to an undischarged term of imprisonment; it does not confer jurisdiction to the district court to amend a sentence after a judgment is entered.

**AFFIRMED.**

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.