**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Norman Anthony KING, aka Norm King; aka Norman August Klause, Defendant–Appellant.**

**Nos. 99–10478, 01–10720.**

United States Court of Appeals, Ninth Circuit.

Aug. 16, 2005.

Nandor Vadas, Asst. U.S. Atty., Office of the U.S. Attorney, San Francisco, CA, Amber S. Rosen, Office of the U.S. Attorney, San Jose, CA, for Plaintiff–Appellee.

Roger W. Patton, Oakland, CA, Haywood S. Gilliam, Jr., Office of the U.S. Attorney, San Francisco, CA, Suzanne Adele Luban, Law Office of Suzanne Luban, Oakland, CA, for Defendant–Appellant.

Before GRABER, FISHER and BERZON, Circuit Judges.

**ORDER**

In this case, we affirmed the judgment of conviction on December 23, 2002. The mandate issued on March 11, 2003. The Supreme Court denied certiorari on June 2, 2003. On August 9, 2004, defendant-appellant King filed a *pro se* motion "requesting amendment to [the] mandate and remand for resentencing" in light of the Supreme Court's decision in *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). We construe

this motion as a motion to recall the mandate, and deny it.

■ We will recall a mandate only "in extraordinary circumstances." *Calderon v. Thompson*, 523 U.S. 538, 550, 118 S.Ct. 1489, 140 L.Ed.2d 728 (1998) (power to recall mandate is "one of last resort, to be held in reserve against grave, unforeseen contingencies"). *See also Nevius v. Sumner*, 105 F.3d 453, 460–61 (9th Cir.1996). The circumstances here do not qualify as such. Although the Supreme Court has invalidated the mandatory Sentencing Guidelines under which King was sentenced, the remedy put in place allows sentencing judges to continue to apply the Guidelines, albeit under a new discretionary regime in which other factors are relevant. *Booker*, 125 S.Ct. at 764–68; 18 U.S.C. § 3553(a). At best, defendant would be entitled to a limited remand at which his sentencing judge could determine whether or not to resentence. *See United States v. Ameline*, 409 F.3d 1073, 1084–85 (9th Cir.2005).

We therefore conclude that the "extraordinary circumstances" necessary to justify recalling a mandate are not present here.

**The motion filed August 9, 2004, is denied.**