**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
              *Plaintiff-Appellee,*

      v.

ANTONIO FELICIANO CRAWFORD,
              *Defendant-Appellant.*

No. 03-30263

D.C. No.
CR-02-00272-WFN
Eastern District
of Washington,
Spokane

ORDER

Filed August 24, 2005

Before: Melvin Brunetti, M. Margaret McKeown, and
Ronald M. Gould, Circuit Judges.

## ORDER

This case involves "extraordinary circumstances" sufficient to justify our recall of the mandate, *Calderon v. Thompson*, 523 U.S. 538, 550 (1998); *see also Nevius v. Sumner*, 105 F.3d 453, 460-61 (9th Cir. 1996), because: (1) the sentencing judge expressed explicit reservations on the record about the sentence required under the previously mandatory Sentencing Guidelines;[1] and (2) the Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296 (2004), foreshadowing its holding in *United States v. Booker*, 125 S. Ct. 738 (2005), was

---

[1]The sentencing judge is on the record saying: "[T]his is the kind of case that causes a court like myself a great deal of agony because the sentencing ranges are extraordinarily high. I was — you know, you are always shocked to see these. Without the acceptance of responsibility, there may have been a low end sentence calculated at 262 months. You know, that is huge. . . . I mean, we are talking about serious consequences . . . ."

11283

rendered before the mandate issued.[2] Accordingly, we recall the mandate, vacate the sentence, and remand to the district court for resentencing pursuant to *Booker*, *United States v. Ameline*, 409 F.3d 1073, 1078-85 (9th Cir. 2005) (en banc) (requiring resentencing where sentence was enhanced by extra-verdict findings under mandatory Guidelines if "possible to reliably determine from the record whether the sentence imposed would have been materially different had the district court known that the Guidelines were advisory"), and *United States v. Moreno-Hernandez*, ___ F.3d ___, No. 03-30387 (9th Cir. August 17, 2005) (clarifying that relief under *Booker* and *Ameline* is available to all pending direct criminal appeals whether implicating the Sixth Amendment or just the nonconstitutional *Booker* error that the sentence was imposed under guidelines believed to be mandatory).

**MANDATE RECALLED, SENTENCE VACATED and REMANDED.**

---

[2]Our decision in *United States v. King*, ___ F.3d ___, Nos. 99-10478, 01-10720 (9th Cir. August 16, 2005) (per curiam), where we addressed *Booker* in denying the defendant's motion to recall the mandate, is distinguishable because neither of the special circumstances that we highlight in Crawford's case were present in *King*. At the same time, however, in stressing that our decision here rests on both the sentencing judge's expressed misgivings about the sentence required by the mandatory Guidelines as well as the relative timing of the Supreme Court's *Blakely* decision and the termination of our appellate jurisdiction, we do not suggest that these same elements must always be present in order for a mandate to be recalled. Rather future panels will necessarily evaluate the existence of "extraordinary circumstances" warranting the recall of a mandate based on the facts of their individual cases.

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2005 Thomson/West.