**UNITED STATES of America, Plaintiff—Appellee,**

v.

**George Michael SHIPSEY, Defendant—Appellant.**

No. 05–10207.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 13, 2006.

Decided Feb. 15, 2006.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

Lawrence J. Leigh, AUSA, USSF–Office of the U.S. Attorney, San Francisco, CA, for Plaintiff–Appellee.

Dennis P. Riordan, Esq., Riordan & Horgan, San Francisco, CA, for Defendant–Appellant.

Before: NOONAN, TASHIMA, and W. FLETCHER, Circuit Judges.

## MEMORANDUM *

George Michael Shipsey appeals the district court's denial of his motion for resentencing pursuant to *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), after this court affirmed his conviction on 16 counts of fraud and theft from an employee pension fund. *See United States v. Shipsey*, 363 F.3d 962 (9th Cir.), *cert. denied*, 543 U.S. 1004, 125 S.Ct. 634, 160 L.Ed.2d 465 (2004). We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. We affirm the district court's denial of Shipsey's motion for resentencing. We also deny Shipsey's motion to recall the mandate in his prior appeal, No. 02–10651.[1]

█ The district court correctly concluded that, because the mandate had issued in Shipsey's prior appeal, the appeal was final.[2] No sentencing issues had been

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. At oral argument, Shipsey was permitted to make an oral motion to recall the mandate.

2. Because the parties are familiar with the facts and the procedural history of this case,

raised in that appeal and Shipsey's conviction had been affirmed; the district court accordingly lacked authority to modify the sentence. *See United States v. Penna*, 319 F.3d 509, 511 (9th Cir.2003) ("A court generally may not correct or modify a prison sentence once it has been imposed."); *United States v. Ruiz–Alvarez*, 211 F.3d 1181, 1184 (9th Cir.2000) ("A district court's authority to resentence defendants must 'flow' from a court of appeals mandate or Federal Rule of Criminal Procedure 35.") (citation omitted).

■ As for the gap between the Supreme Court's denial of Shipsey's petition for writ of certiorari on November 29, 2004, and the issuance of the mandate by this court on January 18, 2005, we note that the federal rules require that "[t]he court of appeals must issue the mandate immediately when a copy of a Supreme Court order denying the petition for writ of certiorari is filed." Fed. R.App. P. 41(d)(2)(D). Our docket indicates that the Court's order denying certiorari, was filed on December 3, 2004. Thus, the mandate should have issued on December 3. There is no indication in the docket that any judge requested that issuance of the mandate be stayed, and Shipsey himself made no so request. The failure to comply with Rule 41(d)(2)(D) therefore appears to have been a clerical oversight. We thus deem that the mandate issued *nunc pro tunc* on December 3, 2004. The appeal accordingly was final prior to the Supreme Court's decision in *Booker*.[3] *See also Bell v. Thompson*, —— U.S. ——, ——, 125 S.Ct. 2825, 2833, 162 L.Ed.2d 693 (2005) (addressing Rule 41 and stating that, "[a]s a practical matter, a decision by this Court denying discretionary review usually signals the end of litigation. While Rule 41(b) may authorize a court to stay the mandate after certiorari is denied, the circumstances where such a stay would be warranted are rare.").

For the foregoing reasons, we conclude that the district court did not err in declining to resentence Shipsey.

■ As indicated earlier, we permitted Shipsey to make an oral motion to recall the mandate in his prior appeal, No. 02–10651. To facilitate our review of that motion, defense counsel submitted the December 13, 2003, sentencing transcript following oral argument. After reviewing that transcript, we do not agree with Shipsey that, at that sentencing, the district court indicated that it might have imposed a lower sentence had it known that the Sentencing Guidelines were merely advisory. Thus, unlike *United States v. Crawford*, 422 F.3d 1145 (9th Cir.2005), in which the sentencing judge had expressed explicit reservations about the sentence required under the mandatory sentencing guidelines, this case does not present extraordinary circumstances sufficient to justify recalling the mandate. *See United States v. King*, 419 F.3d 1035, 1035–36 (9th Cir. 2005) (concluding that extraordinary circumstances sufficient to justify recalling the mandate did not exist where, at best, the defendant only would be entitled to a limited remand for the sentencing judge to determine whether or not to resentence). The motion to recall the mandate accordingly is denied.

**AFFIRMED.**

---

we do not recite them here except as necessary to aid in understanding this disposition.

3. *Booker* was decided on January 12, 2005. *See* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621.