**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Lisa CHAN, Defendant–Appellant.**

No. 07–10511.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 28, 2008.*

Filed Nov. 4, 2008.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Laurie K. Gray, Esquire, Assistant U.S., Office of the U.S. Attorney, San Francisco, CA, for Plaintiff–Appellee.

Lisa Chan, Fremont, CA, for Defendant–Appellant.

Before HAWKINS, RAWLINSON, and M. SMITH, Circuit Judges.

## MEMORANDUM **

Lisa Chan appeals pro se the district court's denial of various motions, including a motion to modify restitution payment and adjust restitution amount under 18

** This disposition is not appropriate for publication and is not precedent except as provid-

U.S.C. § 3583(e)(2). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The government's contention that Chan waived her right to appeal fails. *See United States v. Gordon*, 393 F.3d 1044, 1050–51 (9th Cir.2004).

Chan contends that the district court erred by determining that it did not have the authority to modify her restitution amount under 18 U.S.C. § 3583(e)(2). The district court does not have authority to modify Chan's conditions of supervised release because her term of supervised release has expired. 18 U.S.C. § 3583(e)(2) ("The court may … modify, reduce, or enlarge the conditions of supervised release at any time *prior to the expiration or termination of supervised release*.") (emphasis added). Moreover, Chan may not use § 3583(e)(2) to challenge the legality of her sentence. *See United States v. Gross*, 307 F.3d 1043 (9th Cir.2002).

Chan contends that the restitution amount should be corrected as a clerical error pursuant to Federal Rule of Criminal Procedure 36 because the district court did not base the restitution amount on actual loss. This contention fails. *See United States v. Penna*, 319 F.3d 509, 513 (9th Cir.2003).

To the extent that Chan challenges her restitution payments based on her ability to pay, her contention is not ripe. *See* 18 U.S.C. § 3664(k) (requiring notification of any material change in defendant's economic circumstances for relief).

**AFFIRMED.**