**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 25 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-10116 |
| Plaintiff - Appellee, | D.C. No. 4:98-cr-40003-CW |
| v. | |
| CHHAYARITH RETH, AKA Charlie, | MEMORANDUM [*] |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-10130 |
| Plaintiff - Appellee, | D.C. No. 3:96-cr-00094-PJH-5 |
| v. | |
| CHHAYARITH RETH, | |
| Defendant - Appellant. | |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

| UNITED STATES OF AMERICA, | No. 08-10141 |
| Plaintiff - Appellant, | D.C. No. 4:98-CR-40003-CW |
| v. | |
| CHHAYARITH RETH, AKA Charlie, | |
| Defendant - Appellee. | |

| UNITED STATES OF AMERICA, | No. 08-10152 |
| Plaintiff - Appellant, | D.C. No. 3:96-cr-00094-MHP |
| v. | |
| CHHAYARITH RETH, Ah Char, AKA Charlie, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Submitted January 11, 2010[**]
San Francisco, California

Before: NOONAN, HAWKINS and M. SMITH, Circuit Judges.

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Chhayarith Reth participated in an organized crime ring that carried out the armed robberies of several computer companies in the mid-1990s. In 1996, he was convicted in state court of one armed robbery, and thereafter he was indicted in federal court for that armed robbery and several others. In the federal proceedings, Reth pled guilty pursuant to a plea agreement, but his sentence was vacated on appeal and the case was remanded to a different district judge for resentencing. *See United States v. Reth*, Nos. 06-10244, 06-10254, 2007 U.S. App. LEXIS 6858, at *6-7 (9th Cir. Mar. 19, 2007).

Reth now appeals his new sentence, arguing that the government's conduct at resentencing breached the plea agreement and created the appearance of vindictiveness. He also contends that the district court erred by not reducing his sentence by the good time credits he would have received had his state sentence been served in federal prison. In turn, the government cross-appeals the district court's modification of its judgment to make Reth's sentence for violating 18 U.S.C. § 924(c) concurrent with, rather than consecutive to, his state prison term. We affirm in part, vacate in part, and remand.

## Reth's Appeal

In this circuit, the standards of review for an alleged breach of a plea agreement and claims of prosecutorial vindictiveness are unsettled. *See United*

*States v. Lopez*, 474 F.3d 1208, 1211 (9th Cir. 2007); *United States v. Franco-Lopez*, 312 F.3d 984, 988 (9th Cir. 2002). Nonetheless, even under de novo review, Reth's arguments are unavailing.

First, Reth's claim that the government breached the plea agreement by not recommending a sentence below 21 years belies the plea agreement's express bar against requests by either party for a sentence below 24 years. *See United States v. Clark*, 781 F.2d 730, 732 (9th Cir. 1986) (finding no breach where the government "abided by the express terms of the plea agreement"). While Reth attempts to circumvent this provision by distinguishing "requests" from "recommendations," his construction is unreasonable when applied to the agreement as a whole. *See United States v. Clark*, 218 F.3d 1092, 1096 (9th Cir. 2000) (instructing that to determine the meaning of a term in a plea agreement, the court "must examine the plain language of the term in the context of the document as a whole").

Reth's contention that the government either waived or is estopped from complying with this portion of the plea agreement is similarly without merit. Although the government did not object when Reth requested a sentence below 24 years at his original sentencing, this did not amount to the "voluntary relinquishment of a known right." Restatement (Second) of Contracts § 84 cmt. b (1981). At that proceeding, the government adhered to the plea agreement and

4

requested a sentence of 24 years. The government's gratuitous suggestion in its original sentencing memorandum that, "but for . . . the plea agreement," it "would be recommending a sentence of" 21 years, is not to the contrary. Rather, in light of the government's use of the subjunctive mood, strict compliance with the plea agreement is precisely what this statement suggests. The government's conduct did not invite any reasonable belief that it would recommend a sentence outside the terms of the plea agreement at Reth's resentencing. *See Walker v. Navajo-Hopi Indian Relocation Comm'n*, 728 F.2d 1276, 1280 (9th Cir. 1984) (refusing to apply estoppel against the government where, "assum[ing] that [the plaintiff] did detrimentally rely . . . , such reliance would not be reasonable").

As to Reth's claim of prosecutorial vindictiveness, he asserts that the government's refusal to recommend a sentence below 21 years was a retreat from its position at the first sentencing and indicated the government's desire to punish him for his successful appeal. As discussed above, however, the government's adherence to the plea agreement did not conflict with the gratuitous statement it made at Reth's first sentencing. Nor did the government disclaim or retract its previous statement, but instead acknowledged the submission and attached it as an exhibit for Reth's resentencing. The government's description of Reth's cooperation was essentially the same at both proceedings. Under the

circumstances, Reth has not made the "substantial threshold showing" required for a claim of prosecutorial vindictiveness. *United States v. Khoury*, 62 F.3d 1138, 1142 (9th Cir. 1995) (quoting *Wade v. United States*, 504 U.S. 181, 186 (1992)).

Finally, as to Reth's argument that the district court erred in refusing to apply good time credits against his sentence, this issue is foreclosed on appeal by the waiver provision in Reth's plea agreement. *See United States v. Nunez*, 223 F.3d 956, 958 (9th Cir. 2000). Reth does not argue that this waiver was not made knowingly or voluntarily, and he has not established that his waiver is void due to a breach of the plea agreement.

## The Government's Cross-Appeal

Generally, a district court may not modify a term of imprisonment once it has been imposed. 18 U.S.C. § 3582(c). A district court may modify a sentence, however, "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." *United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003) (quoting 18 U.S.C. § 3582(c)(1)(B)). Rule 35 provides that a district court "may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(c). Whether a district court had jurisdiction to modify its judgment under Rule 35 is reviewed de novo. *Penna*, 319 F.3d at 511.

On February 20, 2008, the district court orally imposed a sentence that included a 60-month term of imprisonment for Reth's violation of 18 U.S.C. § 924(c), to be served consecutively to his state sentence. Although the written judgment failed to reflect this component of Reth's sentence, an amended judgment was issued on February 26, 2008, that correctly reported the sentence as orally imposed. *See United States v. Aguirre*, 214 F.3d 1122, 1125 (9th Cir. 2000) ("[I]f there is a conflict between the sentence orally imposed and written judgment, the oral pronouncement, as correctly reported, controls.").

In a subsequent hearing on February 28, 2008, however, the district court again modified its judgment to make Reth's 60-month term of imprisonment concurrent with his state sentence. The transcript from this proceeding indicates that the district court had acquired a "very different view" of the interaction between Reth's federal and state sentences and also wished to carry out its "stated intention" as to Reth's total period of incarceration.

Although Rule 35 "authorizes the district court to correct obvious sentencing errors," it does not permit the court "to reconsider, to change its mind, or to reopen issues previously resolved under the guidelines." *United States v. Portin*, 20 F.3d 1028, 1030 (9th Cir. 1994). The oral pronouncement of a sentence, "even if contrary to the district judge's intent," must control. *United States v. Garcia*, 37

F.3d 1359, 1369 (9th Cir. 1994), *overruled in part on other grounds by United States v. Jackson*, 167 F.3d 1280 (9th Cir. 1999).  In this case, the oral pronouncement of Reth's sentence—as properly recorded in the written judgment as of February 26, 2008—was not objectively erroneous.  It clearly stated the duration of confinement for each count of conviction, as well as whether each term would be served concurrently or consecutively.  Under these circumstances, the district court lacked the power to modify Reth's sentence on February 28, 2008.  Accordingly, we vacate Reth's sentence and remand to the district court to impose the sentence orally pronounced on February 20, 2008, as correctly reflected in the written judgment as of February 26, 2008.

**AFFIRMED IN PART**, **VACATED IN PART**, and **REMANDED**.