**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff - Appellee,<br><br>  v.<br><br>KENNETH JOSEPH LUCAS, II, AKA<br>Kenneth Joseph Lucas,<br><br>        Defendant - Appellant. | No. 11-50287<br><br>D.C. No. 2:09-cr-01005-VBF-1<br><br><br>MEMORANDUM[*] |

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff - Appellee,<br><br>  v.<br><br>KENNETH JOSEPH LUCAS, II, AKA<br>Kenneth Joseph Lucas,<br><br>        Defendant - Appellant. | No. 11-50411<br><br>D.C. No. 2:09-cr-01005-TJH-1 |

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff - Appellee, | No. 12-50046<br><br>D.C. No. 2:09-cr-01005-TJH-3 |

---

      [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

v.

JONATHAN PRESTON CLARK, AKA
Preston Clark, AKA John Prestone, AKA
Jonathan Prestone,

       Defendant - Appellant.

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

  v.

KENNETH JOSEPH LUCAS, II, AKA
Kenneth Joseph Lucas,

       Defendant - Appellant.

No. 12-50202

D.C. No. 2:09-cr-01096-GAF-1

Appeal from the United States District Court
for the Central District of California
Valerie Baker Fairbank and Terry J. Hatter, Jr., Senior District Judges, and Gary
Allen Feess, District Judge, Presiding

Argued and Submitted August 6, 2013
Pasadena, California

Before: SILVERMAN and WARDLAW, Circuit Judges, and CEDARBAUM,
Senior District Judge.[**]

---

    [**]    The Honorable Miriam Goldman Cedarbaum, Senior District Judge
for the U.S. District Court for the Southern District of New York, sitting by
designation.

In these consolidated appeals, Kenneth Joseph Lucas, II, appeals the 132-month sentence imposed by the district court following his guilty plea to one count of wire and bank fraud conspiracy, in violation of 18 U.S.C. § 1349; forty-three counts of bank fraud, in violation of 18 U.S.C. § 1344; one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A; one count of computer fraud conspiracy, in violation of 18 U.S.C. § 371; two counts of computer fraud, in violation of 18 U.S.C. § 1030(a)(4); and one count of money laundering conspiracy, in violation of 18 U.S.C. § 1956. Lucas also appeals the district court's modification of the 60-month sentence imposed following his guilty plea to manufacture of 100 or more marijuana plants, in violation of 21 U.S.C. § 841(a)(1).

Jonathan Preston Clark appeals the 40-month sentence imposed by the district court following his guilty plea to one count of wire and bank fraud conspiracy, in violation of 18 U.S.C. § 1349; one count of bank fraud, in violation of 18 U.S.C. § 1344; one count of computer fraud conspiracy, in violation of 18 U.S.C. § 371; and one count of money laundering conspiracy, in violation of 18 U.S.C. § 1956.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the 132-month sentence in Lucas's fraud case; vacate the district court's April 26, 2012

3

Amended Judgment in Lucas's marijuana case; and vacate and remand for resentencing in Clark's fraud case.

## A. Nos. 11-50287 and 11-50411

1.      The district court did not clearly err in determining the loss amount attributable to Lucas for purposes of a sentence enhancement under U.S.S.G. § 2B1.1(b)(1). The evidence in support of the district court's approximation possessed "'sufficient indicia of reliability to support its probable accuracy'" and was sufficient to establish "the approximate quantity by a preponderance of the evidence." *United States v. August*, 86 F.3d 151, 154 (9th Cir. 1996) (quoting USSG § 6A1.3(a)); *see also United States v. Culps*, 300 F.3d 1069, 1077 (9th Cir. 2002) (approving the use of a multiplier to approximate drug quantity "[p]rovided that the approximation has a reliable evidentiary basis and that the court proceeds with caution"). The record also supports the district court's conclusion that Lucas was accountable for losses caused by his codefendants because the losses were within the scope of the joint undertaking and were reasonably foreseeable to Lucas. *See* U.S.S.G. § 1B1.3; *United States v. Treadwell*, 593 F.3d 990, 1002-03 (9th Cir. 2010).

2.      Even assuming Lucas properly raised this claim in the district court, the district court did not err in applying an enhancement under U.S.S.G.

§ 2B1.1(b)(15)(A) for an offense under 18 U.S.C. § 1030 involving an intent to obtain personal information. *See* U.S.S.G. § 2B1.1 cmt. n.13(A) (2008) ("'Personal information' means sensitive or private information" including "financial records" or "similar information"); U.S.S.G. § 2B1.1 cmt. n.1 (2010) (same).

4.      The district court did not procedurally err by failing to explain its reasons for rejecting Lucas's arguments regarding disparity under plain error review.  The record reflects that the district court considered Lucas's arguments and adequately explained its reasons for rejecting them. *See United States v. Trujillo*, 713 F.3d 1003, 1009-11 (9th Cir. 2013); *United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).  Nor did the district court abuse its discretion by imposing a substantively unreasonable sentence. *See United States v. Blinkinsop*, 606 F.3d 1110, 1116 (9th Cir. 2010) ("When a district judge has considered the § 3553(a) factors and the totality of the circumstances supports the sentence, we have held that the sentence is substantively reasonable . . . .").

Therefore, we affirm Lucas's sentence in Nos. 11-50287 and 11-50411.

### B.  No. 12-50202

The district court erred in modifying Lucas's sentence in the marijuana case. "Rule 36 is a vehicle for correcting *clerical* mistakes but it may not be used to

5

correct judicial errors in sentencing." *United States v. Penna*, 319 F.3d 509, 513 (9th Cir. 2003) (collecting cases and rejecting the government's argument that the district court's initial entry of judgment was akin to a clerical mistake because it did not reflect "the court's intention to conduct a jury trial regarding the number of marijuana plants involved in Penna's crimes"). The district court's oral pronouncement of Lucas's sentence at the June 27, 2011 hearing matched exactly the written judgment entered that day.[1] That the district court chose a commencement date which did not result in the total term of imprisonment it intended does not transform its judicial error into a clerical one. *See id.* Nor did the January 10, 2012 order of this court granting Lucas's motion for voluntary dismissal in No. 11-50254 confer authority to modify the sentence on the district court that it did not otherwise have.

---

[1]*Compare* Transcript of Sentencing Hearing at 33-34, *United States v. Lucas*, No. 09-CR-1096-GAF (C.D. Cal. June 27, 2011), ECF No. 92 ("Pursuant to the Sentencing Reform Act, it is the judgment of the Court that the defendant Kenneth Joseph Lucas, II, is hereby committed on the single-count indictment, to the custody of the Bureau of Prisons, to be imprisoned for a term of 60 months, which sentence shall commence to run on January 1, 2016.") *with United States v. Lucas*, No. 09-CR-1096-GAF (C.D. Cal. June 27, 2011), ECF No. 76 (judgment and probation/commitment order) ("Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Kenneth Joseph Lucas, II, is hereby committed on the Single-Count Indictment to the custody of the Bureau of Prisons to be imprisoned for a term of 60 months, which sentence shall commence to run on January 1, 2016.").

Therefore, we vacate the district court's April 26, 2012 Amended Judgment. The district court's June 27, 2011 Judgment shall remain in effect.

## C. No. 12-50046

1.      Even assuming Clark properly raised this claim in the district court, the district court's determination of the loss amount attributable to Clark for purposes of a sentence enhancement under U.S.S.G. § 2B1.1(b)(1) is not clearly erroneous.  The record supports the district court's conclusion that the amount of money transferred to recipients in Egypt reflected approximately one third of the money withdrawn from the drop accounts and, further, that the amount withdrawn from the drop accounts ("actual loss") reflected only a portion of the amount fraudulently transferred from the victim accounts into the drop accounts ("intended loss").  *See August*, 86 F.3d at 154.  Clark's contention that the intended loss multiplier was redundant because the actual loss multiplier already accounted for the full amount of the fraudulent transfers is not supported by the record.

2.      However, because there is no evidence in the record that demonstrates that Clark managed, directed, or otherwise controlled the conduct of Sylvia Johnson or any other participant in the money laundering offense, the district court clearly erred in finding to the contrary.  Therefore, the district court should not have imposed a two-level leadership enhancement under U.S.S.G. § 3B1.1(c).  *See*

7

*United States v. Whitney*, 673 F.3d 965, 975 (9th Cir. 2012) ("Under this circuit's clear articulation of § 3B1.1(c), even a defendant with an important role in an offense cannot receive an enhancement unless there is also a showing that the defendant had control over others." (internal citation and quotation marks omitted)).

If the district court had not applied this enhancement, Clark's total offense level would have been 18 rather than 20, which would have resulted in an applicable guidelines range of 30-37 months rather than 37-46 months. On review of the record, we are not convinced that the district court would have arrived at the same sentence had it started with the correct Guidelines range. *See United States v. Munoz-Camarena*, 631 F.3d 1028, 1031 (9th Cir. 2011). Therefore, we vacate Clark's sentence and remand for resentencing.

**Nos. 11-50287 & 11-50411: AFFIRMED.**

**No. 12-50046: VACATED and REMANDED**.

**No. 12-50202: The April 26, 2012 Amended Judgment is VACATED**.