**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50367 |
| Plaintiff - Appellee, | D.C. No. 8:05-cr-00248-AHS |
| v. | |
| ALEJANDRO SANCHEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Alicemarie H. Stotler, District Judge, Presiding

Submitted November 18, 2014[**]

Before:    LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

Alejandro Sanchez appeals pro se from the district court's order denying his

motion to amend the judgment pursuant to Federal Rule of Criminal Procedure 36.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

In his Rule 36 motion, Sanchez asked the district court to adjust his sentence to account for time served in state custody before he was sentenced in federal court. The record reflects that the district court intended Sanchez's federal sentence to run concurrently with only the undischarged portion of his state sentence. Accordingly, the district court properly denied Sanchez's Rule 36 motion because there was no error in the judgment to correct. To the extent Sanchez argues that the district court erred in failing to run the sentences fully concurrently under U.S.S.G. 5G1.3, Rule 36 does not provide a vehicle for relief. *See United States v. Penna*, 319 F.3d 509, 513 (9th Cir. 2003) ("Rule 36 is a vehicle for correcting *clerical* mistakes but it may not be used to correct judicial errors in sentencing."). Moreover, the district court did not err in concluding that Sanchez is not entitled to credit toward his federal sentence for time served in state custody prior to his federal sentencing. *See* U.S.S.G. § 5G1.3 cmt. n.3(E) (section 5G1.3(c) "does not authorize an adjustment of the sentence for the instant offense for a period of imprisonment already served on the undischarged term of imprisonment").

We reject as without support in the record Sanchez's contention that he was in primary federal custody beginning on October 12, 2005.

**AFFIRMED.**