**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10060 |
| Plaintiff - Appellee, | D.C. No. 4:91-cr-00392-CKJ |
| v. | |
| LYLE GERALD JOHNS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Submitted November 18, 2015[**]

Before:    TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

Lyle Gerald Johns appeals pro se from the district court's order denying his

Federal Rule of Criminal Procedure 36 motion to correct the presentence report.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Johns contends that the presentence report erroneously states that he was "the leader of five persons or more" and therefore subject to an aggravating role enhancement under U.S.S.G. § 3B1.1(a). We review for clear error the denial of a Rule 36 motion. *See United States v. Dickie*, 752 F.2d 1398, 1400 (9th Cir. 1985) (per curiam). Assuming without deciding that Rule 36 applies to presentence reports, the district court properly denied Johns's motion because the statement in the presentence report is not a clerical error. *See United States v. Penna*, 319 F.3d 509, 513 (9th Cir. 2003) ("Rule 36 is a vehicle for correcting *clerical* mistakes but it may not be used to correct judicial errors in sentencing."). Furthermore, Johns's challenge to the presentence report was rejected by the court on the merits prior to sentencing.

**AFFIRMED.**