**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 22 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 15-30379 |
| | 15-30380 |
| Plaintiff-Appellee, | 15-30381 |
| | 15-30382 |
| v. | |
| | D.C. Nos. 2:94-cr-00398-TSZ |
| JOHNNY MADISON WILLIAMS, Jr., | 2:94-cr-00550-TSZ |
| | 2:94-cr-00604-TSZ |
| Defendant-Appellant. | 2:94-cr-00548-TSZ |

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Submitted March 8, 2017[**]

Before:     LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

In these consolidated appeals, Johnny Madison Williams, Jr., appeals pro se

from the district court's order denying his motion to correct the judgment under

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

Federal Rule of Criminal Procedure 36. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Williams contends that the amended judgment should be corrected to apportion his 1104-month aggregate sentence between his various crimes of conviction. We review for clear error. *See United States v. Dickie*, 752 F.2d 1398, 1400 (9th Cir. 1985). Williams is not entitled to relief, because he has not identified any clerical error in the amended judgment. Rather, the amended judgment accurately reflects the district court's oral pronouncement of Williams's sentence. *See* Fed. R. Crim. P. 36; *United States v. Penna*, 319 F.3d 509, 513 (9th Cir. 2003) ("Rule 36 is a vehicle for correcting *clerical* mistakes but it may not be used to correct judicial errors in sentencing.").

**AFFIRMED.**