**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 28 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10391 |
| Plaintiff-Appellee, | D.C. No. 1:82-cr-00123-AWI-1 |
| v. | |
| VINCENT GEORGE PARKS, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted January 20, 2021**

Before:     McKEOWN, CALLAHAN, and BRESS, Circuit Judges.

Federal prisoner Vincent George Parks appeals pro se from the district

court's order denying his motion to correct the judgment under Federal Rule of

Criminal Procedure 36.  We have jurisdiction under 28 U.S.C. § 1291.  We review

for clear error the denial of a Rule 36 motion, *see United States v. Dickie*, 752 F.2d

---

        *        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1398, 1400 (9th Cir. 1985), and we affirm.

In his Rule 36 motion, Parks asserted that on March 1, 1983, he pleaded guilty to 18 U.S.C. § 2113(a), unarmed bank robbery, and that the clerk of court erred by including subsection (d) of § 2113, armed bank robbery, in the written judgment. The district court did not clearly err by denying Parks's motion. The record shows that Parks was charged with and pleaded guilty to one count of armed bank robbery, in violation of § 2113(a) and (d). Thus, the judgment contains no clerical error. *See* Fed. R. Crim. P. 36; *see also United States v. Penna*, 319 F.3d 509, 513 (9th Cir. 2003) ("Rule 36 is a vehicle for correcting *clerical* mistakes.").

We do not consider Parks's contention that he received ineffective assistance of counsel or any other argument or allegation raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**