**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-30267 |
| Plaintiff-Appellee, | D.C. No.<br>3:03-cr-00126-SLG-2 |
| v. | |
| CHRIS A. BELTON, AKA Big Blood,<br>AKA Christopher D. Black, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Sharon L. Gleason, District Judge, Presiding

Submitted June 16, 2021[**]
Anchorage, Alaska

Before: RAWLINSON, CHRISTEN, and R. NELSON, Circuit Judges.

Appellant Chris A. Belton (Belton) appeals the district court's denial of his

motion to reduce his sentence under § 404(b) of the First Step Act. The First Step

Act applies only to convictions for offenses involving cocaine base, sometimes

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

referred to as "crack cocaine." *See United States v. Kelley*, 962 F.3d 470, 472 (9th Cir. 2020) (discussing impact of First Step Act on cocaine base and powder cocaine convictions). Belton argues that he was convicted of a "covered offense" under the Act because his original judgment referenced 21 U.S.C. § 841(b)(1)(A), which covered crack cocaine offenses of 50 grams or more. *See* 21 U.S.C. § 841(b)(1)(A)(iii) (2005). Invoking Federal Rule of Criminal Procedure 36, the district court corrected the judgment to reference only § 841(b)(1)(B), which addressed powder cocaine offenses of 500 grams or more. *See* § 841(b)(1)(B)(ii) (2005). Belton maintains that the district court lacked authority to amend the judgment.

The district court acted within its discretion in denying Belton's motion to reduce his sentence, and its correction of the judgment was not clearly erroneous. *See United States v. Chaney*, 581 F.3d 1123, 1125 (9th Cir. 2009) (reviewing denial of a motion to reduce sentence for abuse of discretion); *see also United States v. Dickie*, 752 F.2d 1398, 1400 (9th Cir. 1985) (adopting clearly erroneous standard for review of orders entered pursuant to Rule 36). Belton was charged with one count of conspiracy to distribute 50 grams or more of crack cocaine, 500 grams or more of powder cocaine, 50 grams or more of methamphetamine, and marijuana. Belton was unambiguously convicted only of conspiring to distribute

2

500 grams or more of powder cocaine in violation § 841(b)(1)(B)(ii), as evident from the plea agreement and the court's oral pronouncements during the change of plea and at sentencing. The court's correction under Rule 36 was clerical rather than substantive, because it simply conformed the written sentence to the oral pronouncement without altering the period of incarceration. *See United States v. Fifield*, 432 F.3d 1056, 1059 n.3 (9th Cir. 2005); *see also United States v. Kaye*, 739 F.2d 488, 491 (9th Cir. 1984) (holding that Rule 36 may be used to correct a clerical error (omission of count numbers) but not "to add a period of incarceration that the record does not indicate was previously authorized"); *cf. United States v. Penna*, 319 F.3d 509, 513 (9th Cir. 2003) (concluding that the district court lacked authority under Rule 36 to change a five-year sentence to a ten-year sentence).

**AFFIRMED**.