# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee-*
*Cross-Appellant,*

v.

ALVARO PLANCARTE-ALVAREZ,
*Defendant-Appellant-Cross-*
*Appellee.*

Nos. 03-50062
03-50121

D.C. No.
CR-02-02017-1-IEG

ORDER
AMENDING
OPINION

Appeal from the United States District Court
for the Southern District of California
Irma E. Gonzales, District Judge, Presiding

Argued February 6, 2004
Submitted May 11, 2004
Pasadena, California

Filed June 6, 2006

Before: James R. Browning, David R. Thompson, and
Kim McLane Wardlaw, Circuit Judges.

------

## COUNSEL

Benjamin L. Coleman and Gerald Singleton, San Diego, California, for the defendant-appellant-cross-appellee.

David P. Curnow, Assistant United States Attorney, Criminal Division, San Diego, California, for the plaintiff-appellee-cross-appellant.

------

## ORDER

Alvaro Plancarte-Alvarez has filed a petition for panel rehearing and petition for rehearing en banc. We issued an order on August 13, 2004 deferring decision on the petitions pending the Supreme Court's decision in *United States v. Booker*, No. 04-104, and *United States v. Fanfan*, No. 04-105. Following issuance of the Supreme Court's opinion in *United States v. Booker*, 543 U.S. 220 (2005), we issued an order on July 26, 2005 directing the parties to address the effect of the *Booker* decision on the present case.

Plancarte-Alvarez contends that we should amend our opinion in *United States v. Plancarte-Alvarez*, 366 F.3d 1058 (9th Cir. 2004), to affirm the sentence without allowing the government to seek an increased sentence should he return to the United States. Plancarte-Alvarez contends that in light of *Booker*, 543 U.S. 220, and *United States v. Ameline*, 409 F.3d 1073 (9th Cir. 2005) (en banc), the government's claim with respect to error at his sentencing should now be reviewed for plain error, and that because the government cannot meet that standard, the sentence should be affirmed. This contention fails because our conclusion that resentencing is appropriate to remedy the district court's error at sentencing remains intact despite the intervening changes in sentencing law brought about by *Booker* and *Ameline*. Although *Booker* changed the nature of that error, resentencing remains appropriate. *See United States v. Ruiz*, 536 U.S. 622, 627 (2002).

If we determine in any future appeal that the sentence eventually imposed upon Plancarte-Alvarez resulted from an incorrect application of the Sentencing Guidelines, and further that the error in application was not harmless, we will remand to the district court for further sentencing proceedings just as we would have under the pre-*Booker* sentencing regime. *United States v. Cantrell*, 433 F.3d 1269, 1279 (9th Cir. 2006).

Our opinion included a de novo review of the government's claim that the district court misapplied the holding of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and we determined that the court had erred. Because of that error, we held that should Plancarte-Alvarez return to the United States, the government could apply to the district court to vacate the sentence and determine if the March 19, 2002 incident qualifies as relevant conduct under U.S.S.G. § 1B1.3. To correct our opinion to make it consistent with *Booker*, we strike in full the first full paragraph in the right-hand column of 366 F.3d at 1065 and replace that paragraph with the following:

> If the March 19 incident qualifies as relevant conduct under the Guidelines, a question yet to be determined by the district court, the weight of that load of marijuana should be considered in determining the base offense level for Plancarte-Alvarez's jury convictions for the May 28 acts of importing marijuana in violation of 21 U.S.C. §§ 952 and 960, and possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1).

We reject Plancarte-Alvarez's suggestion that he is entitled to opt out of any potential vacatur and resentencing. The *Ameline* opinion describes an opt-out procedure for *limited* remands, the purpose of which is to allow the district court to answer the question of whether it would have imposed the same sentence had it known that the Guidelines were not mandatory. 409 F.3d at 1084. However, there is no general opt-out procedure for resentencing outside the limited *Ameline* framework, and neither party has requested *Ameline* relief.

The panel has voted to deny the petition for panel rehearing.

The full court has been advised of the petition for rehearing en banc and no judge has requested a vote on whether to rehear the matter en banc. *See* Fed. R. App. P. 35.

The petition for panel rehearing and the petition for rehearing en banc are denied. No further petitions for panel rehearing or for rehearing en banc may be filed.

**IT IS SO ORDERED.**

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2006 Thomson/West.