MEMORANDUM ***
Jose Serrano (“Serrano”) appeals the district court’s admission of his prior conviction pursuant to Federal Rule of Evidence 404(b), and its denial of his motion for acquittal, which was based on the district court’s finding of sufficient evidence to sustain Serrano’s conviction for possession of cocaine with an intent to distribute under 21 U.S.C. § 841(a)(1). We affirm the district court's decision. Because the parties are familiar with the facts, we recount them here only as necessary.
I. Admission of Prior Act Evidence
A district court’s decision to admit evidence of a prior conviction under Federal Rule of Evidence 404(b) is reviewed for abuse of discretion. United States v. Plancarte-Alvarez, 366 F.3d 1058, 1062 (9th Cir.2004), amended by 449 F.3d 1059 (9th Cir.2006). This court also reviews for abuse of discretion the district court’s balancing of the probative value of evidence against its prejudicial effect under Fed. R.Evid. 403. Id.
Serrano objected to the district court’s admission of his prior conviction for possession of powder cocaine on the grounds that it was too dissimilar to the current offense and thus did not satisfy the four-part test of admissibility under Rule 404(b). See United States v. Arambula-Ruiz, 987 F.2d 599, 602 (9th Cir.1993). We disagree. The prior conviction was strikingly similar to the charged offense with respect to the prior act and current offense’s time, location, and Serrano’s conduct. Plancarte-Alvarez, 366 F.3d at 1062. In addition, the prior conviction provided sufficient evidence from which the jury could conclude that Serrano was involved in the prior act. See Arambula-Ruiz, 987 F.2d at 603. Moreover, because the two incidents were only four years apart, they were not too remote in time. See United States v. Ono, 918 F.2d 1462, 1465 (9th Cir.1990).
We further hold that the district court did not abuse its discretion under Rule 403 because the prejudicial impact of the evidence did not substantially outweigh its probative value. See United States v. Rubio-Villareal, 927 F.2d 1495, 1502-03 (9th Cir.1991), vacated in part and remanded on other grounds, 967 F.2d 294 (9th Cir.1992) (en banc). Although the evidence of the similarity between the pri- or act and the current offense may have been prejudicial, see United States v. Houser, 929 F.2d 1369, 1373 (9th Cir.1990), abrogated on other grounds by Buford v. United States, 532 U.S. 59, 64-66, 121 S.Ct. 1276, 149 L.Ed.2d 197 (2001), the district court correctly concluded that the probative value of such evidence outweighed any prejudice. See United States v. Ramirez-Jiminez, 967 F.2d 1321, 1327 (9th Cir.1992). Furthermore, the district court gave adequate limiting instructions about the proper use of the prior conviction, which further reduced the possibility of unfair prejudice. See Arambula-Ruiz, 987 F.2d at 604.
Thus, the district court did not abuse its discretion in admitting evidence of the pri- or conviction for possession of powder cocaine.
II. Sufficiency of the Evidence
When a claim of sufficiency of the evidence is preserved at the close of evi *13 dence by a motion for judgment of acquittal, the trial court’s denial of the motion is reviewed de novo. See United States v. Stewart, 420 F.3d 1007, 1014 (9th Cir.2005). There is sufficient evidence to support a conviction if “after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.” Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (emphasis in original); see United States v. Alvarez-Valenzuela, 231 F.3d 1198, 1201 (9th Cir.2000).
Serrano only challenges the sufficiency of the evidence provided to establish intent. To sustain a conviction for possession with intent to distribute cocaine, the government must prove that the defendant (1) knowingly, (2) possessed the cocaine, (3) with intent to distribute it. See 21 U.S.C. § 841(a)(1); United States v. Mora, 876 F.2d 76, 77 (9th Cir.1989). “We have consistently held that evidence of a defendant’s prior possession or sale of narcotics is relevant under Rule 404(b) to issues of intent ... and intent to distribute narcotics.” United States v. Mehrmanesh, 689 F.2d 822, 832 (9th Cir.1982).
Serrano argued that the evidence provided as much support for the theory that Serrano possessed drugs for personal use as it did for the theory that he intended to distribute them. We disagree. Serrano was located in a place known for drug distribution, possessed a quantity of drugs expected for sale, carried drugs packaged in a manner for individual sale, quickly walked away from police officers as they attempted to question him, and had a pri- or conviction to support a finding of the requisite intent and modus operandi. Serrano argued that his possession of drug paraphernalia was dispositive of his theory of personal use. However, based on the structure of the pipe in question and the high quantities of methamphetamine residue found on the pipe, it was most likely used only for methamphetamine consumption. Based on the aforementioned findings of the court, there was sufficient evidence to sustain Serrano’s conviction pursuant to 21 U.S.C. § 841(a)(1).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.