**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
      *Plaintiff-Appellant,*

v.

MARCELINO AGUILAR-REYES,
      *Defendant-Appellee.*

No. 10-10216
D.Ct. No.
2:09-CR-01119-
ROS

OPINION

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, Chief District Judge, Presiding

Argued and Submitted
July 13, 2011—San Francisco, California

Filed August 8, 2011

Before: Barry G. Silverman and Susan P. Graber,
Circuit Judges, and Barbara M.G. Lynn, District Judge.*

Opinion by Judge Barbara M.G. Lynn

---

*The Honorable Barbara M.G. Lynn, United States District Judge for the Northern District of Texas, sitting by designation.

## COUNSEL

Dominic Lanza, Assistant U.S. Attorney, Phoenix, Arizona, for the plaintiff-appellant.

Brian I. Rademacher, Assistant Federal Public Defender, Tucson, Arizona, for the defendant-appellee.

## OPINION

LYNN, District Judge:

The government appeals the district court's resentencing of Defendant Aguilar-Reyes, arguing that the district court did not have jurisdiction to resentence more than fourteen days after sentencing, under Federal Rule of Criminal Procedure 35(a). We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(b)(1), and we vacate the amended judgment.

### I.   Background

On March 9, 2008, Arizona police arrested Aguilar-Reyes for illegally transporting aliens. He pled guilty to the Arizona state charge of "Attempt to Commit Smuggling," in violation of Arizona Revised Statutes section 13-2319. Aguilar-Reyes was sentenced to three years of probation and deported to Mexico.

On August 4, 2009, police found Aguilar-Reyes in Arizona, driving a vehicle containing five illegal aliens. A grand jury

indicted Aguilar-Reyes on one count of reentry of removed alien, in violation of 8 U.S.C. § 1326(a), as enhanced by 8 U.S.C. § 1326(b)(1). Aguilar-Reyes pled guilty, without a plea agreement. The presentence report concluded that Aguilar-Reyes's 2008 state conviction was an "alien smuggling offense," which triggered a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(vii). Aguilar-Reyes objected to the presentence report, arguing that the state charge to which he pled guilty did not support the 16-level enhancement.

On March 1, 2010, the district court overruled Aguilar-Reyes's objection and sentenced him to imprisonment for thirty-three months, applying the 16-level enhancement. Aguilar-Reyes timely appealed that final judgment. This court stayed that separate appeal pending the result of this appeal.

On March 5, 2010, Aguilar-Reyes filed a motion under Federal Rule of Criminal Procedure 35(a) to correct a sentencing error, arguing that the 16-level enhancement should not have applied. On March 29, 2010, twenty-eight days after sentencing, the district court held a hearing on the Rule 35(a) Motion, stating it would change Aguilar-Reyes's sentence. The government argued that the district court lacked jurisdiction under Rule 35(a) because more than fourteen days had elapsed since sentencing.

At a hearing on April 12, 2010, the district court expressly questioned its jurisdiction to resentence Aguilar-Reyes, but nevertheless entered an amended judgment, sentencing Aguilar-Reyes to time served. The government timely appeals.

## II.   Standard of Review

We review *de novo* whether the district court had jurisdiction to resentence. *United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003).

### III.    Discussion

#### A.    Procedure

The district court was not clear as to what procedural vehicle it was employing to modify Aguilar-Reyes's sentence. The district court cited 18 U.S.C. § 3553, but that statute was not raised by Aguilar-Reyes after the original sentencing, and it provides no basis for modifying a sentence. While 28 U.S.C. § 2255 provides a basis to obtain relief from a judgment, the district court said that it was not construing Aguilar-Reyes's Rule 35(a) Motion as one seeking relief under 28 U.S.C. § 2255(a). Therefore, we construe the April 12 ruling only as a purported resentencing under Rule 35(a).

#### B.    Jurisdiction to Resentence Under Rule 35(a)

**[1]** A court generally may not correct or modify a sentence of imprisonment once it has been imposed. 18 U.S.C. § 3582(c). A court may modify such a sentence only "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c)(1)(B). Federal Rule of Criminal Procedure 35(a) states: "Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."

**[2]** This and other circuit courts have held that the fourteen-day deadline is jurisdictional, thus divesting the district court of the power to amend the sentence after fourteen days. *Penna*, 319 F.3d at 512; *United States v. Miller*, 594 F.3d 172, 182 (3d Cir. 2010); *United States v. Griffin*, 524 F.3d 71, 83 n.14 (1st Cir. 2008) ("[C]ourts of appeals have uniformly held that Rule 35(a)'s . . . limit is jurisdictional."); *United States v. Smith*, 438 F.3d 796, 799 (7th Cir. 2006); *United States v. Shank*, 395 F.3d 466, 470 (4th Cir. 2005). The Supreme Court also found the time limit in a predecessor

to Rule 35(a) to be jurisdictional. *United States v. Addonizio*, 442 U.S. 178, 189 (1979).

In contrast to jurisdictional time limits, claim processing rules are those promulgated by courts to prescribe the orderly conduct of their business, and to aid in the expeditious disposition of cases and the efficient management of judicial resources. *United States v. Jacobo Castillo*, 496 F.3d 947, 952 (9th Cir. 2007) (en banc). There are also "time-related directives," which although legally enforceable, do not deprive a court of jurisdiction to take the action to which the deadline applies, even if the deadline is missed. *Dolan v. United States*, ___ U.S. ___, 130 S. Ct. 2533, 2538 (2010).

Aguilar-Reyes points to a series of recent Supreme Court decisions that have considered whether a variety of deadlines in rules and statutes are jurisdictional, claim processing rules, or time-related directives. He asserts that these decisions call into question the long-standing treatment of Rule 35(a) as jurisdictional. *See, e.g.*, *Dolan*, 130 S. Ct. 2533 (provision giving the district court ninety days to make a final determination of a victim's losses under the Mandatory Victims Restitution Act of 1996, 18 U.S.C. § 3664(d)(5), is a "time-related directive," not jurisdictional); *Bowles v. Russell*, 551 U.S. 205, 213 (2007) (authority under Federal Rule of Appellate Procedure 4(a)(6), through 28 U.S.C. § 2107(c), of a district court to extend the time to file a notice of appeal for fourteen additional days, in addition to the usual thirty days, is jurisdictional, not a claim processing rule); *Eberhart v. United States*, 546 U.S. 12, 19 (2005) (per curiam) (seven-day deadline under Federal Rule of Criminal Procedure 33 for filing a motion for new trial is a claim processing rule, not jurisdictional); *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004) (bankruptcy rule's sixty-day deadline for creditor's objections to debtor's discharge is a claim processing rule). Aguilar-Reyes argues that Rule 35(a)'s fourteen-day deadline is merely a time-related directive, so that the district court retained juris-

diction to resentence him, although more than fourteen days had elapsed since his sentencing.

**[3]** We are bound by our precedent, unless there has been a subsequent *en banc* Ninth Circuit or Supreme Court decision that is clearly irreconcilable with its prior holdings. *Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc). The Supreme Court's recent decisions evaluating specific time limits in rules and statutes other than Rule 35(a) are not clearly irreconcilable with this court's prior precedent that Rule 35(a) is jurisdictional, nor with the Supreme Court's earlier holding in *Addonizio*, which is to the same effect. Thus, this Court remains bound by *Penna*, 319 F.3d 509, to hold that the fourteen day provision in Rule 35(a) is jurisdictional. The district court was thus without jurisdiction to resentence Aguilar-Reyes. Accordingly, Aguilar-Reyes's original sentence must be reinstated.

Even if the district court had jurisdiction to correct its error, it was still error nonetheless. The government timely objected to the modification of Aguilar-Reyes's sentence after the expiration of the Rule 35(a) deadline, an objection that was well-taken and should have been sustained because the modification did not purport to correct an "arithmetical, technical, or other clear error."

## IV.   Conclusion

For the reasons stated above, the amended judgment is vacated and the original judgment is reinstated. Aguilar-Reyes' appeal from the original judgment may now proceed.

**Amended Judgment VACATED**.