**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 07-10552 |
| Plaintiff - Appellee, | D.C. No. CR-07-00642-RCC |
| v. | |
| JOSE ORTIZ-MONTANO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, District Judge, Presiding

Submitted October 25, 2011[**]

Before: TROTT, GOULD, and RAWLINSON, Circuit Judges.

Jose Ortiz-Montano appeals from the 51-month sentence imposed following his conviction for illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a), enhanced by 8 U.S.C. § 1326(b)(2). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Ortiz-Montano contends that the district court committed plain error when it imposed a 16-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) based on his 1985 guilty-plea conviction for burglary under California Penal Code § 459. He argues that the government did not present sufficient evidence from appropriate judicial records to prove that his prior conviction qualified as a crime of violence. The district court did not apply the modified categorical approach to analyze whether Ortiz-Montano's prior conviction qualified for the 16-level sentencing increase. *See United States v. Aguila-Montes De Oca*, _ F.3d _, 2011 WL 3506442 at *25-26 (9th Cir. Aug. 11, 2011) (en banc).

Since Ortiz-Montano has been deported, he cannot be resentenced unless he returns to the United States. Thus, we affirm the sentence without prejudice to an application by Ortiz-Montano to the district court to vacate his sentence and resentence him consistent with our en banc decision in *Aguila-Montes De Oca* at such time, if ever, that he is in this country and available for resentencing. *See United States v. Plancarte-Alvarez*, 366 F.3d 1058, 1065 (9th Cir. 2004), *amended by* 449 F.3d 1059 (9th Cir. 2006).

Ortiz-Montano also contends that the 16-level enhancement violates the Ex Post Facto Clause because the Sentencing Guidelines did not take effect until after the date of the conviction used as the basis for the enhancement. The contention is

without merit.  *See United States v. Kienenberger*, 13 F.3d 1354, 1356-57 (9th Cir. 1994).

The Government's motion for judicial notice filed on December 12, 2008 is denied as moot.

**AFFIRMED.**