**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Jose Juan VALDEZ–BORREGO,
Defendant—Appellant.**

No. 10–30340.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 21, 2011.*

Filed Nov. 29, 2011.

Lynne W. Lamprecht, Assistant U.S. Attorney, Office of the U.S. Attorney, Boise, ID, for Plaintiff–Appellee.

Jose Juan Valdez–Borrego, Post, TX, pro se.

Randall Scott Barnum, Esquire, Capitol Law Group PLC, Boise, ID, for Defendant–Appellant.

Before: TASHIMA, BERZON, and TALLMAN, Circuit Judges.

MEMORANDUM **

Jose Juan Valdez–Borrego appeals from his guilty-plea conviction and 60–month

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

sentence for illegal reentry, in violation of 8 U.S.C. § 1326. Pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), Valdez–Borrego's counsel has filed a brief stating that there are no grounds for relief, along with a motion to withdraw as counsel of record. We have provided Valdez–Borrego with the opportunity to file a pro se supplemental brief. A pro se supplemental brief and answering brief have been filed.

Our independent review of the record pursuant to *Penson v. Ohio,* 488 U.S. 75, 80–81, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), discloses no arguable grounds for relief on direct appeal. Though Valdez–Borrego may be correct that the amended judgment should not have been entered, *see United States v. Aguilar–Reyes,* 653 F.3d 1053, 1055–56 (9th Cir.2011), the amendment had no effect on the length of his sentence. Accordingly, even if the appeal waiver does not bar our consideration of the amended judgment, there is no basis for relief. We decline to address Valdez–Borrego's claim of ineffective assistance of counsel on direct appeal as the record is insufficiently developed and his legal representation was not so inadequate that it can be concluded at this point that he obviously was denied his Sixth Amendment right to counsel. *See United States v. McKenna,* 327 F.3d 830, 845 (9th Cir.2003) ("Claims of ineffective assistance of counsel are generally inappropriate on direct appeal."). We dismiss Valdez–Borrego's appeal of his conviction and sentence in light of a valid appeal waiver. *See United States v. Nguyen,* 235 F.3d 1179, 1182 (9th Cir.2000).

* The panel unanimously concludes this case is suitable for decision without oral argument.

Counsel's motion to withdraw is **GRANTED.**

**DISMISSED.**