UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 07-10524 |
| Plaintiff - Appellee, | D.C. No. CR-06-01449-CKJ<br>District of Arizona,<br>Tucson |
| v. | |
| PEDRO ROSALES-MARTINEZ, a.k.a.<br>Pete M. Rosales, | ORDER |
| Defendant - Appellant. | |

Before:     GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

The government's motion to amend the memorandum disposition to alter the remedy is granted.

This court's memorandum disposition, filed December 21, 2011, is amended as follows:

1.     The sentence on page one, line three to page two, line one that reads: "We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand for resentencing," is deleted and replaced with: "We have jurisdiction under 28 U.S.C. § 1291, and we affirm without prejudice to an application by Rosales-Martinez to the district court to vacate his sentence and resentence him consistent with this decision."

2. The sentence on page three, lines 10 through 11, that reads: "Accordingly, we vacate the sentence and remand for resentencing consistent with this disposition. *See Aguila-Montes de Oca*, 655 F.3d at 946-47," is deleted and replaced with: "Accordingly, Rosales-Martinez is entitled to resentencing. However, the district court cannot sentence Rosales-Martinez at this time because he has been released and deported. We accordingly affirm the sentence imposed by the district court, but do so without prejudice to an application by Rosales-Martinez to the district court to vacate his sentence and resentence him consistent with this decision at such time, if ever, that he is in this country and available for resentencing. *See United States v. Plancarte-Alvarez*, 366 F.3d 1058, 1065 (9th Cir. 2004)."

3. Page three, line 14, that reads: "**VACATED and REMANDED**," is deleted and replaced with: "**AFFIRMED.**"

FILED

**NOT FOR PUBLICATION**

APR 09 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 07-10524 |
| Plaintiff - Appellee, | D.C. No. CR-06-01449-CKJ |
| v. | |
| PEDRO ROSALES-MARTINEZ, a.k.a. Pete M. Rosales, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Submitted December 19, 2011[**]

Before:    GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

Pedro Rosales-Martinez appeals from the 65-month sentence imposed

following his bench-trial conviction for attempted illegal reentry after deportation,

in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

we affirm without prejudice to an application by Rosales-Martinez to the district court to vacate his sentence and resentence him consistent with this decision.

Rosales-Martinez contends that the district court committed plain error when it imposed a 16-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) based on his conviction for attempted second-degree burglary in violation of Arizona Revised Statutes § 13-1507.

Rosales-Martinez's conviction is not categorically a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii). *See United States v. Bonat*, 106 F.3d 1472, 1475 (9th Cir. 1997) ("Arizona courts have expanded the [burglary] statute beyond generic burglary because they have interpreted the statute to allow a conviction even if the intent to commit the crime was formed after entering the structure and/or the entry was privileged.").

The district court plainly erred in applying the 16-level enhancement, because the conviction records relating to Rosales-Martinez's burglary conviction are insufficient under the modified categorical approach to demonstrate that his conviction necessarily rested on facts satisfying the elements of generic burglary. *See United States v. Aguila-Montes de Oca*, 655 F.3d 915, 945-46 (9th Cir. 2011) (en banc). At sentencing, the government introduced the complaint, the information, verdict forms and sentencing papers. These documents, as well as the jury instructions, simply repeat the elements of Arizona burglary and do not

establish that Rosales-Martinez formed the intent to commit the burglary before entering the structure, or that his entry was unlawful or unprivileged, or that he burgled an immovable structure. *See United States v. Terrell*, 593 F.3d 1084, 1092 (9th Cir. 2010); *see also Aguila-Montes de Oca*, 655 F.3d at 946 ("[C]onviction records for [Arizona] burglary cannot demonstrate that a defendant was convicted of generic burglary unless they do something more than simply repeat the elements of [Arizona] burglary.").

Erroneous application of a sentencing enhancement affects the defendant's substantial rights and "affect[s] both the fairness and integrity of our judicial system." *United States v. Portillo-Mendoza*, 273 F.3d 1224, 1228 (9th Cir. 2001). Accordingly, Rosales-Martinez is entitled to resentencing. However, the district court cannot sentence Rosales-Martinez at this time because he has been released and deported. We accordingly affirm the sentence imposed by the district court, but do so without prejudice to an application by Rosales-Martinez to the district court to vacate his sentence and resentence him consistent with this decision at such time, if ever, that he is in this country and available for resentencing. *See United States v. Plancarte-Alvarez*, 366 F.3d 1058, 1065 (9th Cir. 2004).

We grant Rosales-Martinez's requests for judicial notice, and deny as moot his motion to lift the stay.

**AFFIRMED.**