**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

MARCELINO AGUILAR-REYES, AKA
Sebastian Gonsalez-Gonsalez,
*Defendant-Appellant*.

No. 10-10092

D.C. No.
2:09-cr-01119-
ROS-1

OPINION

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, Chief District Judge, Presiding

Argued and Submitted
June 10, 2013—San Francisco, California

Filed July 18, 2013

Before: Diarmuid F. O'Scannlain and Andrew D. Hurwitz,
Circuit Judges, and Lawrence L. Piersol, District Judge.[*]

Opinion by Judge O'Scannlain

---

[*] The Honorable Lawrence L. Piersol, Senior District Judge for the U.S. District Court for the District of South Dakota, sitting by designation.

**SUMMARY**[**]

**Criminal Law**

The panel affirmed a deported defendant's sentence without prejudice to a later request by the defendant, if and when he should return to the United States or waive his right to be physically present at resentencing, that his previous sentence be vacated and that he be resentenced in this case in which the government agrees that the defendant was improperly sentenced.

The panel rejected the defendant's argument that this appellate remedy, which was set forth in *United States v. Plancarte-Alvarez*, 366 F.3d 1058 (9th Cir. 2004), applies only when it is the government that is entitled to seek resentencing.

The government contested on appeal neither of the defendant's two bases for his theory that A.R.S. § 13-2319 does not categorically fit the federal definition of an alien smuggling offense and thus ought not to have triggered a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(vii).

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Juan L. Rocha, Phoenix, Arizona, argued the cause and filed the briefs for the defendant–appellant. With him on the briefs were Jon M. Sands, Federal Public Defender, and Brian I. Rademacher, Assistant Federal Public Defender, Phoenix, Arizona.

Dominic Lanza, Assistant U.S. Attorney, Phoenix, Arizona, argued the cause and filed the briefs for the United States. With him on the brief were John S. Leonardo, United States Attorney, and Mark S. Kokanovich, Deputy Appellate Chief, Phoenix, Arizona.

**OPINION**

O'SCANNLAIN, Circuit Judge:

We must specify the proper appellate remedy for a defendant who is entitled to a resentencing but, having been deported, is unable to be present for a resentencing hearing.

**I**

In 2008, Marcelino Aguilar-Reyes, a Mexican citizen, was convicted in Arizona state court of "attempt to commit smuggling" in violation of A.R.S. § 13-2319. He was sentenced to three years' probation and later deported to Mexico.

A year later, Aguilar-Reyes was caught in Arizona driving a vehicle containing five illegal aliens. He pleaded guilty in federal court to one count of reentry of a removed

alien. The presentence report (PSR) concluded that his previous conviction under A.R.S. § 13-2319 counted categorically as an "alien smuggling offense," triggering a sixteen-level enhancement under the federal sentencing guidelines. U.S.S.G § 2L1.2(b)(1)(A)(vii). By the report's calculations, Aguilar-Reyes's total offense level was twenty-one, with a base offense level of eight, a sixteen-level enhancement based on the prior conviction, and a three-level reduction for acceptance of responsibility. Factoring in the two-level downward departure that the district court later granted, the guideline range was thirty-three to forty-one months' imprisonment.

Aguilar-Reyes objected to the PSR, contending that, since the state-law offense of conviction did not qualify as an "alien smuggling offense," he was subject only to a four-level enhancement based on his prior felony conviction. *See* U.S.S.G. § 2L1.2(b)(1)(D). The parties filed several briefs on the question. Aguilar-Reyes argued, among other things, that the Arizona statute's *mens rea* standard is less demanding than that of the federal smuggling statute. Expressing some doubt, the district court ultimately disagreed with Aguilar-Reyes and sentenced him to thirty-three months' imprisonment followed by three years of supervised release.

Aguilar-Reyes then filed both a motion to correct the sentence and a notice of appeal. In the motion, he directed the district court's attention to another case ostensibly supporting his argument that the Arizona crime of conviction is not an "alien smuggling offense." Over the government's objection, the court granted the motion, and, after an exchange of sentencing memoranda and a new sentencing hearing, entered an "amended" judgment reducing the sentence to time served and authorizing his release from

custody. The government subsequently removed Aguilar-Reyes to Mexico, where he apparently still resides.

The government appealed from the amended judgment, prompting us to stay Aguilar-Reyes's appeal from the original judgment. In the appeal from the amended judgment, a separate panel of this court held that the district court lacked jurisdiction to engage in resentencing. *United States v. Aguilar-Reyes*, 653 F.3d 1053 (9th Cir. 2011). The panel reinstated the original judgment and vacated the amended one. *Id.* at 1056.

In March of 2012, Aguilar-Reyes filed his opening brief in this appeal.[1] There, he argued for the first time that the Arizona statute is overbroad not only because of its different *mens rea* requirement *but also* because it lacks an element included in the federal statute: that the offense be committed "in furtherance" of the smuggled aliens' violation of law. That second argument took the government by surprise. After requesting a few time extensions to consider whether Aguilar-Reyes was correct, "the United States reached the conclusion that the Arizona smuggling statute is, in fact, categorically overbroad due to the missing 'in furtherance' element."

The government thereafter filed a "Motion to Grant Defendant Sentencing Relief," in which it expressly abandoned any argument on forfeiture or waiver grounds and

---

[1] Although Aguilar-Reyes is no longer in custody and has been removed to Mexico, this case is not moot given the possibility that "the government could seek extradition" or Aguilar-Reyes "might voluntarily reenter the country." *United States v. Plancarte-Alvarez*, 366 F.3d 1058, 1063–64 (9th Cir. 2004).

conceded that Aguilar-Reyes was entitled to sentencing relief. The motion asked us "to follow its typical practice in cases involving sentencing appeals by defendants who already have been removed to Mexico—to affirm the challenged sentence 'without prejudice' to the defendant's right to vacate the sentence and be re-sentenced should he ever return to the country." Aguilar-Reyes partly opposed the motion. He argued that we should instead vacate the sentence and remand to the district court to conduct a resentencing hearing.

Months later, the Appellate Commissioner issued an order denying the government's motion "without prejudice to renewing the arguments in the answering brief."

## II

In his opening brief, Aguilar-Reyes set forth two bases for his theory that the state-law crime of conviction does not categorically fit the federal definition of an alien smuggling offense and thus ought not to have triggered a sixteen-level sentencing guidelines enhancement. The government contests neither argument. On the merits, then, the parties are in agreement: Aguilar-Reyes was improperly sentenced.

## A

Aguilar-Reyes's first contention is that a federal "alien smuggling offense" contains an element that the state crime of conviction lacks: that the smuggling be "in furtherance of such violation of law," meaning that the defendant moved the alien "in order to help him or her to remain in the United States illegally." Ninth Circuit Model Criminal Jury Instruction § 9.2 (2010). In its motions, brief, and in open court, the government has again and again conceded the

correctness of such position. For purposes of this case, therefore, we regard it as settled (but do not decide) that because the Arizona statute lacks an "in furtherance" element, it is not a categorical "alien smuggling offense."

**B**

Aguilar-Reyes's second categorical-overbroadness argument is that the Arizona statute's *mens rea* requirement—knowing or *having reason to know* that the transported person is an alien—is less demanding than that of the federal offense of alien smuggling, which is said to require some form of recklessness. Though the government disagreed below (indeed, it even convinced the district court that it had the better argument), it has since affirmatively forfeited its position on this issue not only for purposes of this appeal but for purposes of any subsequent proceeding in this case. Indeed, at oral argument, the government informed us that it would be "happy" if we held that the United States is foreclosed from arguing at any future stage of this case that the *mens rea* element of the Arizona statute and the *mens rea* element of a federal "alien smuggling offense" are categorical matches.

We so hold.

**III**

Since there is no live dispute on the merits, we proceed to heart of the case: the matter of a remedy. The parties dispute the reach of our holding in *United States v. Plancarte-Alvarez*, 366 F.3d 1058 (9th Cir. 2004). There, we determined that, although the district court had committed a

sentencing error in the defendant's favor, an added wrinkle preventing us from vacating and remanding:

> Ordinarily, we would vacate the sentence imposed by the district court and remand for resentencing. However, the district court cannot resentence Plancarte–Alvarez at this time because the government has deported him and, unless he returns to the United States, he will not be present for sentencing as required by Rule 43(a) of the Federal Rules of Criminal Procedure.

366 F.3d at 1065. We arrived at this solution:

> In view of this circumstance, we conclude that the more prudent course of action is that taken by the Second Circuit . . . . Consistent with that approach, we affirm the sentence imposed by the district court, but do so without prejudice to an application by the government to the district court to vacate Plancarte–Alvarez's sentence and resentence him in accordance with this opinion.

*Id.* (internal citations omitted).

## A

Aguilar-Reyes reads *Plancarte-Alvarez* to apply only when it is the *government* that is entitled to seek resentencing. While it is true that *Plancarte-Alvarez* itself involved just such a scenario, and while it is also true that this court has never in a published opinion applied the *Plancarte-Alvarez*

remedy when it was the *defendant* who was entitled to resentencing, this court *has* applied the *Plancarte-Alvarez* remedy at least four times in unpublished cases involving defendants entitled to resentencing. *See United States v. Jae Hee Kim*, No. 05-10633, 2008 WL 5396821 (9th Cir. 2008); *United States v. Ortiz-Montano*, No. 07-10552, 2011 WL 5116517 (9th Cir. 2011); *United States v. Rosales-Martinez*, No. 07-10524, 2011 WL 6396230 (9th Cir. 2011); *United States v. Nevarez-Cajigas*, No. 11-10375, 2013 WL 323875 (9th Cir. 2013).

The logic of *Plancarte-Alvarez* is driven not by the identity of the party challenging the sentence but by Rule 43 of the Federal Rules of Criminal Procedure, which unequivocally states that "the defendant must be present at . . . sentencing." Fed. R. Crim. P. 43(a)(3). The rule sets forth a few exceptions to the presence requirement,[2] but those exceptions are exclusive, *see Crosby v. United States*, 506 U.S. 255, 260 (1993) (holding that the "list of situations" in which sentencing may proceed "without the defendant is . . . exclusive"). The rule makes clear that, under no circumstance (not expressly excepted), may Aguilar-Reyes be resentenced *in abstentia*. To the extent counsel for Aguilar-Reyes is arguing for exactly that, he cannot prevail.

**B**

But then, counsel says he is not arguing for resentencing *in abstentia* exactly. Rather, he is arguing for a remand to the

---

[2] The rule also allows for waiver of the right to be present, *see* Fed R. Crim. P. 43(c), but the right has not been waived here. Aguilar-Reyes is not "voluntarily absent." Fed. R. Crim. P. 43(c)(1)(B). Nor was he disruptive at trial. Fed. R. Crim. P. 43(c)(1)(C).

district court so that *it* can figure out whether "resentencing . . . can occur consistent with [Aguilar-Reyes's] statutory and constitutional rights." He suggests that the district court could conclude that resentencing may proceed without Aguilar-Reyes since the proceeding would resolve "only . . . a question of law": whether the modified categorical approach allows for imposition of a sixteen-level enhancement. *See* Fed. R. Crim. P. 43(b)(3). No fact questions would arise, Aguilar-Reyes contends, because all the relevant issues bearing on the 18 U.S.C. § 3553 sentencing factors have already been "presented and litigated," both in the original sentencing proceedings and the resentencing proceedings (in which the district court was acting outside its jurisdiction). Thus, "the time-served sentence he received 04/10/2010, in essence, can simply be reimposed or reinstated."

Such argument also fails. First, although it is true that, during the period in which the district court was reconsidering the already-imposed sentence, the sentencing factors were in a sense "litigated" through an exchange of sentencing memoranda, those issues were debated in and resolved by a court without power to resolve them. *See Aguilar-Reyes*, 653 F.3d at 1056 ("The district court was . . . without jurisdiction to resentence Aguilar-Reyes. Accordingly, Aguilar-Reyes's original sentence must be reinstated."). In any event, in a true resentencing, everything—both issues of law and fact—are back on the table, so the proceeding is necessarily one not limited strictly to matters of law. It is for this reason that the leading treatise on federal procedure declares, "If a sentence is set aside and

the case remanded for resentencing, the presence of the defendant is necessary." 3A Charles Alan Wright, et al., *Federal Practice and Procedure* § 723 (1982). The courts appear to be unanimous on this general point. *See, e.g.*, *United States v. Bryant*, 643 F.3d 28, 32 (1st Cir. 2011) ("A resentencing, assuming that the full range of ordinary sentencing issues is open, is treated essentially the same as an initial sentencing for purposes of the presence requirement."); *United States v. Garcia-Robles*, 640 F.3d 159, 164 (6th Cir. 2011) ("Every circuit court to address the issue has held that when resentencing is directed pursuant to a general remand order, a defendant is entitled to be present and/or allocute. Such holdings rely upon the Federal Rules of Criminal Procedure, although some are constitutionally based." (collecting cases)); *see also United States v. Alvarez-Pineda*, 258 F.3d 1230, 1240–41 (10th Cir. 2001) ("When (or if) Alvarez [a deportee] is re-sentenced, the sentencing court 'is free to reconsider the sentencing package de novo,' except as it is bound by the law of the case." (internal citation omitted)).[3]

## C

In accordance with *Plancarte-Alvarez*, we therefore affirm Aguilar-Reyes's sentence without prejudice to a later request by him, if and when he should return to the United

---

[3] Aguilar-Reyes cites easily distinguishable precedent for the proposition that "a defendant who already was present and had the opportunity to allocute at an earlier sentencing hearing need not necessarily be present at later resentencing hearing." His main authority, *United States v. Silva*, involved a *limited* remand in light of *United States v. Booker*, 543 U.S. 220 (2005), not a total remand for a full resentencing on an open record. 472 F.3d 683, 687 (9th Cir. 2007).

States or waive his right to be physically present at resentencing, that his previous sentence be vacated and that he be resentenced in light of this opinion.

**AFFIRMED without prejudice and with instructions**.