**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10355 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-00057-LDG |
| v. | |
| RUBEN VELAZQUEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Lloyd D. George, District Judge, Presiding

Submitted December 17, 2013[**]

Before:     GOODWIN, WALLACE, and GRABER, Circuit Judges.

Ruben Velazquez appeals from the district court's judgment and challenges

the 41-month sentence imposed following his guilty-plea conviction for conspiracy

to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(vii),

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and 846. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and vacate and remand in part.

Velazquez contends that the district court erred in denying his request for a role adjustment under U.S.S.G. § 3B1.2. We review for clear error. *See United States v. Cantrell*, 433 F.3d 1269, 1282 (9th Cir. 2006). Because Velazquez failed to demonstrate that he was "substantially less culpable than the average participant" in the conspiracy, the court did not clearly err in denying the adjustment on this record. *See* U.S.S.G. § 3B1.2 cmt. n.3(A); *United States v. Rodriguez-Castro*, 641 F.3d 1189, 1193 (9th Cir. 2011).

Velazquez also contends that it was error to deny him the third-level reduction for acceptance of responsibility. Effective November 1, 2013, U.S.S.G. § 3E1.1 was amended to clarify that "[t]he government should not withhold [a motion for reduction for acceptance of responsibility] based on interests not identified in § 3E1.1, such as whether the defendant agrees to waive his or her right to appeal." U.S.S.G. § 3E1.1 cmt. n.6. The government concedes, and we agree, that Velaquez is entitled to a new sentencing hearing at which the government will move for the third level.

The record suggests that Velazquez has served his custodial sentence and may have been deported. Accordingly, we vacate and remand to the district court

12-10355

for proceedings consistent with this disposition and a determination whether Velazquez is available for resentencing or would waive his right to be present for resentencing. *See United States v. Aguilar-Reyes*, 723 F.3d 1014, 1018 (9th Cir. 2013).

**AFFIRMED in part; VACATED and REMANDED for consideration of resentencing.**