**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

<table>
<tr>
<td>

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

FRANCISCO BARRIOS-SIGUENZA,
AKA Francisco Barrios-Siquenza,
*Defendant-Appellant*.

</td>
<td>

No. 13-10110

D.C. No.
4:12-cr-01472-
DCB-BGM-1

OPINION

</td>
</tr>
</table>

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Argued and Submitted
March 12, 2014—Berkeley, California

Filed April 9, 2014

Before: Sidney R. Thomas, Raymond C. Fisher,
and Marsha S. Berzon, Circuit Judges.

Per Curiam Opinion

**SUMMARY***

### Criminal Law

In a per curiam opinion, the panel declined the government's request to affirm a conviction for assault on a federal officer without prejudice to a later request by the defendant to vacate the conviction, should the defendant, who has since been deported, return to the United States or waive his right to be physically present at trial.

The panel saw no reason to apply *United States v. Aguilar-Reyes*, 723 F.3d 1014 (9th Cir. 2013), which concerned only resentencing. The panel observed that given the government's authority to permit the defendant to return for retrial, and counsel's assurances that the defendant would be willing to do so, this case is unlikely to languish for an indefinite period before the district court. The panel wrote that, most importantly, because the defendant's conviction for assault on a federal officer will have been reversed, he must be presumed innocent of that charge.

* This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Kurt Kroese, Tuscon, Arizona, for Defendant-Appellant.

Christina Marie Cabanillas, Assistant United States Attorney, Tuscon, Arizona, for Plaintiff-Appellee.

**OPINION**

PER CURIAM:

Francisco Barrios-Siguenza ("Barrios") appeals from his conviction following a jury trial for assault on a federal officer in violation of 18 U.S.C. § 111(a)(1) and illegally entering the United States in violation of 8 U.S.C. § 1325, and from the 18-month sentence imposed thereafter. In a memorandum disposition filed concurrently with this opinion, we vacate Barrios' conviction for assault on a federal officer, and remand the case for a new trial on that charge.

Barrios has been deported during the pendency of this appeal. The government requests that we therefore affirm his conviction, without prejudice to a later request by him to vacate the conviction consistent with our disposition, should he return to the United States or waive his right to be physically present at retrial. We decline to do so.

The opinion on which the government relies in support of its requested remedy, *United States v. Aguilar-Reyes*, 723 F.3d 1014 (9th Cir. 2013), concerned only resentencing. Although the government conceded sentencing error in *Aguilar-Reyes*, *id.* at 1016, this Court affirmed the sentence, allowing the defendant to move to vacate his sentence only if

he "return[ed] to the United States or waive[d] his right to be physically present at resentencing," *id.* at 1018. In doing so, *Aguilar-Reyes* followed the lead of the Second Circuit, which had expressed concern about "the potential for undesirable and even mischievous results" that could arise from "the normal remedy of vacating the sentence and remanding for resentencing[,]" where the defendant has been deported. *United States v. Suleiman*, 208 F.3d 32, 41 (2d Cir. 2000); *see also United States v. Plancarte-Alvarez*, 366 F.3d 1058, 1063–64 (9th Cir. 2004) (citing *Suleiman*, 208 F.3d at 38), *opinion amended on denial of reh'g*, 449 F.3d 1059 (9th Cir. 2006). Specifically, the court was reluctant to "leave the case for perhaps an extended period of time in the jurisdictional limbo of the District Court's suspense calendar," during which time "the defendant would be able to assert that the sentence previously imposed has been vacated." *Suleiman*, 208 F.3d at 41.

We see no reason to apply *Aguilar-Reyes* here. There is no precedent for the proposition that this Court cannot, or should not, vacate the invalid *conviction* of an individual who has since been deported. We were assured at oral argument that Barrios will return for trial should the government choose to retry him and parole him into the country for that purpose. *Cf. United States v. Leal-Del Carmen*, 697 F.3d 964, 975 (9th Cir. 2012) (discussing the Attorney General's authority to parole aliens into the country to testify in criminal prosecutions (citing 8 U.S.C. § 1182(d)(5)(A))). Given the government's authority to permit Barrios to return for retrial, and counsel's assurances that Barrios would be willing to do so, this case is unlikely to languish for an indefinite period before the district court, should the government choose to retry Barrios.

More importantly, because Barrios' conviction for assault on a federal officer will have "been reversed, unless and until [Barrios] should be retried, he must be presumed innocent of that charge." *Johnson v. Mississippi*, 486 U.S. 578, 585 (1988). He should not be required to suffer the indignity — and the collateral consequences — of this felony conviction until such time as he is able to return to the United States.

**VACATED in part, AFFIRMED in part, AND REMANDED.**