**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50270 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-04867-CAB-1 |
| v. | |
| SILVIO ANTONIO CONTRERAS-MARTINEZ, | SUPPLEMENTAL MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Submitted June 6, 2014[**]
Pasadena, California

Before: TROTT and CALLAHAN, Circuit Judges, and CHEN, District Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Edward M. Chen, District Judge for the U.S. District Court for the Northern District of California, sitting by designation.

Over Contreras-Martinez's objection, the district court enhanced by sixteen levels his sentence for attempted reentry after removal.  The district court applied the enhancement because it concluded that Contreras-Martinez's prior conviction under Oregon's third degree rape statute, Or. Rev. Stat. § 163.355,  was a categorical match for the generic federal definition of statutory rape and, therefore, a "crime of violence."  U.S.S.G. § 2L1.2(b)(1)(A).

While this appeal was pending, we clarified that the generic federal definition of "statutory rape" includes as an element a four-year age difference between the victim and the defendant.  United States v. Gomez, 732 F.3d 971 (9th Cir. 2013), as amended United States v. Gomez, -- F.3d --, 2014 WL 1623725 (9th Cir. Apr. 24, 2014).  Because Oregon's statutory rape law does not include this element, it is broader than the federal definition.

The government has not shown that the use of the 16-level enhancement was harmless error.  Although the district court gave Contreras-Martinez a sentence well below the sentencing guideline calculated using the 16-level enhancement, and Contreras-Martinez has been released from custody and deported, the government has not shown that on remand the district court could not modify the period of supervised release or otherwise modify Contreras-Martinez's sentence.

2

In its petition for rehearing, the government correctly points out that because Contreras-Martinez has been released from custody and removed to Mexico, he may not be resentenced *in absentia* under this Court's precedent. *See United States v. Aguilar-Reyes*, 723 F.3d 1014, 1017 (9th Cir. 2013). Therefore, we affirm Contreras-Martinez's sentence without prejudice with instructions that upon his return to the United States or waiver of his right to be physically present at resentencing, his previous sentence shall be vacated and that he shall be resentenced in light of this decision. *See id.* at 1018.

**Affirmed (with instructions).**