
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50072 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-01750-BTM-1 |
| v. | |
| OMAR DOMINGUEZ-VALENCIA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Barry T. Moskowitz, District Judge, Presiding

Argued and Submitted February 3, 2015
Pasadena, California

Before: PREGERSON and NGUYEN, Circuit Judges and WHALEY,[**] Senior
District Judge.

   Omar Dominguez-Valencia appeals his conviction following a bench trial and

sentence for

---

   [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   [**]    The Honorable Robert H. Whaley, Senior District Judge for the U.S.
District Court for the Eastern District of Washington, sitting by designation.

attempted entry after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

1. The district court did not err in denying Dominguez-Valencia's motion under 8 U.S.C. § 1326(d) to dismiss the indictment. A claim that a defect in a previous removal proceeding prevents reliance on the final removal order in a later 8 U.S.C. § 1326 proceeding is reviewed de novo. *United States v. Reyes-Bonilla*, 671 F.3d 1036, 1042 (9th Cir. 2012). We review the district court's factual findings for clear error. *Id.*

A defendant seeking to collaterally attack a removal order must show: (1) he exhausted his administrative remedies; (2) the deportation proceedings improperly denied him judicial review; and (3) entry of the removal order was fundamentally unfair. 8 U.S.C. § 1326(d). We have held that an underlying removal order is fundamentally unfair "when the deportation proceeding violated the alien's due process rights and the alien suffered prejudice as a result." *Reyes-Bonilla*, 671 F.3d at 1043 (quoting *United States v. Arias-Ordonez*, 597 F.3d 972, 976 (9th Cir. 2010)). Due process requires the immigration judge to "expressly and personally inform the alien that he has the right to appeal" and the waiver of this right must be "considered and intelligent." *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1048-49 (9th Cir. 2004). The district court correctly concluded that Dominguez-Valencia's waiver of his right to appeal was considered and intelligent.

Dominguez-Valencia was also expressly advised of this right two separate times on the same day and validly waived his right. Dominguez-Valencia's motion to dismiss his indictment for illegal reentry was properly denied because he failed to exhaust his administrative remedies under 8 U.S.C. § 1326(d).

Assuming Dominguez-Valencia had satisfied the first two prongs of 8 U.S.C. § 1326(d) as he claims, he cannot establish the required prejudice. Pursuant to *Lopez-Cardona v. Holder*, 662 F.3d 1110 (9th Cir. 2011), Dominguez-Valencia was removable as charged. *See also United States v. Ramos-Medina*, 706 F.3d 932, 936-37 (9th Cir. 2013) ("Our decisions in *United States v. Becker* and *Lopez-Cardona…*, establish that first-degree burglary under California Penal Code § 459 is categorically a crime of violence and thus an 'aggravated felony' for the purposes of the INA") (citations omitted).

The district court also correctly concluded that there was no due process violation stemming from the alleged failure of the immigration judge to advise Dominguez-Valencia of all available forms of relief. Where the record before an immigration judge fairly raises a "reasonable possibility that the petitioner may be eligible for relief," the immigration judge must advise the petitioner of the potential relief options. *United States v. Lopez-Velasquez*, 629 F.3d 894, 896 (9th

3

Cir. 2010) (quoting *Moran-Enriquez v. INS*, 884 F.2d 420, 423 (9th Cir. 1989)). The immigration judge is not expected to be "clairvoyant," and "the record before [the immigration judge] must fairly raise the issue." *United States v. Muro-Inclan*, 249 F.3d 1180, 1183 (9th Cir. 2001) (quoting *Moran-Enriquez*, 884 F.2d at 422). The immigration judge properly informed Dominguez-Valencia of his apparent eligibility for two forms of relief. Dominguez-Valencia claims that the immigration judge should have advised him of a third option for relief: a procedural mechanism that would have allowed him to pursue adjustment of status from Mexico after his deportation.

Assuming the immigration judge violated Dominguez-Valencia's due process rights by not informing him of this procedural mechanism, Dominguez-Valencia cannot establish the required prejudice. Where an immigration judge fails to advise an alien of apparent eligibility for relief, "the alien must still establish prejudice under the second prong of §1326(d)(3)." *United States v. Rojas-Pedroza*, 716 F.3d 1253, 1263 (9th Cir. 2013). "Where the relevant form of relief is discretionary, the alien must make a 'plausible' showing that the facts presented would cause the Attorney General to exercise discretion in his favor." *Id.* (quoting *United States v. Barajas-Alvarado*, 655 F.3d 1077, 1089 (9th Cir. 2011)). For the Attorney General to grant discretionary relief, Dominguez-Valencia would have to show that he bears the burden of hardships that are "exceptional and extremely

unusual." 8 C.F.R. § 212.7(d). As the district court correctly concluded, the facts and circumstances of Dominguez-Valencia's case do not meet this burden. *See Muro-Inclan,* 249 F.3d at 1184.

2.  We affirm Dominguez-Valencia's sentence without prejudice. The parties agree that in light of the Supreme Court's holding in *Descamps v. United States*, 133 S.Ct. 2276 (2013), Dominguez-Valencia's 16-level enhancement was improper and that he must be resentenced. Because Dominguez-Valencia has already been removed from the United States, we take the approach of *United States v. Aguilar-Reyes*, 723 F.3d 1014 (9th Cir. 2013), and affirm his sentence without prejudice to a later request for resentencing when he is present in the United States or has waived his right to be present.

**AFFIRMED IN PART, AFFIRMED WITHOUT PREJUDICE IN PART.**