**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 13 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10368 |
| Plaintiff-Appellee, | D.C. No. 2:98-cr-00431-KJM-2 |
| v. | |
| JOHN WESLEY JINGLES, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted August 5, 2020**

Before:    SCHROEDER, HAWKINS, and LEE, Circuit Judges.

John Wesley Jingles appeals pro se from the district court's second amended judgment and its order denying his motion under Federal Rule of Criminal Procedure 35(a).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

In Jingles's previous appeal, this court remanded to the district court to

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

correct three clerical errors in the written judgment. *See United States v. Jingles*, 775 Fed. Appx. 366 (9th Cir. 2019). On remand, the district court ordered the clerk of court to enter a second amended judgment with the clerical errors corrected and further instructed that the effective date of the second amended judgment would be "retroactive to the date of the original sentencing." The corrected second amended judgment was subsequently entered. Meanwhile, Jingles filed a Rule 35(a) motion in the district court, arguing that his sentence on several of the counts of conviction was illegal. After the second amended judgment was entered, the district court denied that motion as moot.

Jingles now contends that the district court erred when it made the effective date of the second amended judgment retroactive to the date of the original sentencing. However, the three amendments to the judgment were not substantive changes; instead, they were expressly meant to make the record reflect what the district court intended to do at the original sentencing. *See Jingles*, 775 Fed. Appx. at 366 (stating that the amendments to the judgment were necessary to conform the sentence to the one the district court intended to impose); *see also United States v. Kaye*, 739 F.2d 488, 490 (9th Cir. 1984) (because Rule 36 is a "narrow provision limited to correction of errors of no more than clerical significance," a correction made pursuant to the rule "can do no more than conform the sentence to the term which the record indicates was intended"). As a result, the district court properly

19-10368

issued the second amended judgment nunc pro tunc to the original sentencing date. *See Singh v. Mukasey*, 533 F.3d 1103, 1110 (9th Cir. 2008) (court may amend order nunc pro tunc to reflect what it actually intended to do on earlier date).

In a related argument, Jingles argues that, because the second amended judgment was a new judgment, he was permitted to challenge it under Rule 35(a) and the district court, therefore, improperly denied his motion. As we have already explained, however, the clerical corrections were not substantive changes to the judgment and the district court properly entered the second amended judgment nunc pro tunc to the original sentencing date of October 23, 2001. Thus, the district court was without jurisdiction to consider Jingles's Rule 35(a) motion. *See* Fed. R. Crim. P. 35(a) (motion must be filed within 14 days after sentencing); *United States v. Aguilar-Reyes*, 653 F.3d 1053, 1056 (9th Cir. 2011) (14-day deadline is jurisdictional). To the extent Jingles's Rule 35(a) motion sought relief that had already been granted in the previous appeal, the district court was correct that entry of the second amended judgment rendered that request moot.

**AFFIRMED**.